# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| CANDICE CHAPMAN; MICHAEL LITTLEFIELD; STEDMAN KINE, Plaintiffs, v. THE CITY OF CLANTON, Defendant. | Case No.: 2:15-cv-125-WHA |

COMES NOW, Defendant, the City of Clanton, and moves this Court to DISMISS the Plaintiff's Complaint in this case, averring as follows:

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1983.

3. The Complaint fails to state a claim upon which relief can be granted under the Fourteenth Amendment.

4. The Complaint fails to state a claim upon which relief can be granted under the Sixth Amendment.

5. The Complaint fails to state a claim upon which relief can be granted under the laws of the State of Alabama.

6. The Complaints fails to state a claim upon which injunctive and/or declaratory relief can be sought.

7. The Defendant pleads all doctrines of immunity and privilege, including, but not limited to absolute judicial immunity and qualified immunity.

8. The Defendant pleads the general issue.

9. The Complaint fails to state a claim upon which relief can be granted pursuant to *respondeat superior*.

10. Defendant contests the form and sufficiency of process and of service of process.

11. Defendant pleads the applicable statute of limitations and/or the doctrine of laches.

12. The Complaint fails to state a claim upon which relief can be granted in the form of compensatory damages.

13. The Complaint fails to state a claim upon which relief can be granted in the form of punitive damages.

14. The Complaint attempts to seek damages in excess of statutory limitations.

15. Defendant pleads all privileges, immunities, and statutory indemnification as provided in § 11-47-190, *et seq.*, Code

16. Defendant pleads all forms and doctrines of waiver and estoppel including, but not limited to collateral estoppel, issue preclusion, and *res judicata*.

17. Plaintiffs have failed to join necessary and indispensable parties to this action.

18. The Defendant's police officers had ample probable cause to arrest the Plaintiffs.

19. Plaintiffs were found guilty of the criminal charges pending against them.

20. Plaintiffs' claims are barred by the doctrine established in *Heck v. Humpries*, 512 U.S. 477 (1994).

21. Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine.

22. Plaintiffs' claims should be dismissed pursuant to the *Younger* abstention doctrine.

23. Plaintiffs lack standing to bring this cause of action.

24. Plaintiffs claims are moot.

25. Plaintiffs have failed to mitigate her damages.

26. Plaintiffs have failed to do equity.

27. The Defendant pleads the doctrine of unclean hands.

28. That this Court is without jurisdiction over the parties and the claims.

29. Defendant denies that it is guilty of conduct referable to which punitive damages could or should be awarded, and denies that Plaintiff has produced clear and convincing evidence sufficient to support or sustain the imposition of punitive damages against Defendant.

30. The Defendants pleads the doctrine of prior independent intervening cause.

31. Defendant pleads lack of proximate causation.

32. Defendant did not do any of the acts or omissions alleged in the Complaint.

33. Defendant pleads not guilty.

34. Each and every action taken by Defendant was taken with the good faith belief that it was legal and lawful at the time so taken.

35. Defendant pleads offset.

36. Defendant reserves the right to amend or supplement its affirmative defenses to this action as litigation is still in its infancy.

Respectfully submitted, this the 17th day of March, 2015

s/ R. Warren Kinney
James W. Porter, II
Richard Warren Kinney
*Attorneys for City of Clanton*

**Porter, Porter & Hassinger, P.C.**
P.O. Box 128
Birmingham, Alabama  35201-0128
(205) 322-1744
jwporterii@pphlaw.net
wkinney@pphlaw.net

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been *electronically filed* with the Clerk of the Court using the CM/ECF system which will send notification of such filing upon the following, this the 17th day of March, 2015.  If Notice of Electronic Filing indicates that Notice should be delivered by other means to any of the following, I certify that a copy will be sent via U.S. Mail, properly addressed, postage prepaid.

Matthew Swerdlin, Esq.
1736 Oxmoor Road #101
Birmingham, AL 35209
matt@attorneyswerdlin.com

J. Mitch McGuire, Esq.
**McGuire & Associates, LLC**
31 Clayton Street
Montgomery, AL 36104
jmcguire@mandabusinesslaw.com

William M. Dawson, Esq.
**Dawson Law Office**
2229 Morris Avenue
Birmingham, AL 35203
Billdawson94@hotmail.com

s/ R. Warren Kinney
OF COUNSEL