# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| CANDICE CHAPMAN; MICHAEL LITTLEFIELD; STEDMAN KINE, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No.: 2:15-CV-125-WHA |
| THE CITY OF CLANTON, | )<br>)<br>) |
| Defendant. | ) |

## ANSWER

### Introduction

All material averments contained in the Complaint's introductory paragraphs are denied, and the Defendant demands strict proof thereof.

### Nature of the Action

1. Denied, and Defendant Demands strict proof thereof.

2. Denied, and Defendant Demands strict proof thereof.

3. Denied, and Defendant Demands strict proof thereof.

4. Denied, and Defendant Demands strict proof thereof.

5. Denied, and Defendant Demands strict proof thereof

6. The material averments of this Paragraph are denied and Defendant demands strict proof thereof.

7. The Defendant denies that the Plaintiffs are entitled to the relief sought in this Paragraph, and demands strict proof thereof.

## Jurisdiction and Venue

8. Denied, and Defendant Demands strict proof thereof.

9. Denied, and Defendant Demands strict proof thereof.

## Parties

10. Defendant is without sufficient information on which to form a belief.

11. Defendant is without sufficient information on which to form a belief.

12. Defendant is without sufficient information on which to form a belief.

13. The Defendant admits that it is a municipal corporation, organized under the laws of the State of Alabama, but the remaining averments of this Paragraph are Denied, and Defendant demands strict proof thereof.

## Factual Background

A.   **The Plaintiffs' Imprisonments**

   i.   **Candice Chapman**

14. Defendant is without sufficient information on which to form a belief.

15. Defendant is without sufficient information on which to form a belief, and therefore demands strict proof thereof.

16. Defendant is without sufficient information on which to form a belief, and therefore demands strict proof thereof.

17. Defendant is without sufficient information on which to form a belief, and therefore demands strict proof thereof.

18. Defendant is without sufficient information on which to form a belief, and therefore demands strict proof thereof.

19. Defendant is without sufficient information on which to form a belief, and therefore demands strict proof thereof.

20. Defendant is without sufficient information on which to form a belief, and therefore demands strict proof thereof.

21. Defendant is without sufficient information on which to form a belief, and therefore demands strict proof thereof.

22. Defendant is without sufficient information on which to form a belief, and therefore demands strict proof thereof.

### ii. **Michael Littlefield**

23. Defendant is without sufficient information on which to form a belief.

24. Defendant is without sufficient information on which to form a belief, and therefore demands strict proof thereof.

25. Defendant is without sufficient information on which to form a belief, and therefore demands strict proof thereof.

26. Defendant is without sufficient information on which to form a belief, and therefore demands strict proof thereof.

27. Defendant is without sufficient information on which to form a belief, and therefore demands strict proof thereof.

28. Defendant is without sufficient information on which to form a belief, and therefore demands strict proof thereof.

29. Defendant is without sufficient information on which to form a belief, and therefore demands strict proof thereof.

30. Defendant is without sufficient information on which to form a belief, and therefore demands strict proof thereof.

31. Defendant is without sufficient information on which to form a belief, and therefore demands strict proof thereof.

### iii.   Steadman Kine

32. Defendant is without sufficient information on which to form a belief.

33. Defendant is without sufficient information on which to form a belief, and therefore demands strict proof thereof.

34. Defendant is without sufficient information on which to form a belief, and therefore demands strict proof thereof.

35. Defendant is without sufficient information on which to form a belief, and therefore demands strict proof thereof.

36. Defendant is without sufficient information on which to form a belief, and therefore demands strict proof thereof.

37. Defendant is without sufficient information on which to form a belief, and therefore demands strict proof thereof.

38. Defendant is without sufficient information on which to form a belief, and therefore demands strict proof thereof.

39. Defendant is without sufficient information on which to form a belief, and therefore demands strict proof thereof.

40. Defendant is without sufficient information on which to form a belief, and therefore demands strict proof thereof.

**B.      The City's Policies and Practice**

41. Denied, and Defendant demands strict proof thereof.

42. Denied, and Defendant demands strict proof thereof.

43. Denied, and Defendant demands strict proof thereof.

44. Denied, and Defendant demands strict proof thereof.

45. The material averments of this Paragraph that relate to the Defendant City of Clanton are denied, and the Defendant demands strict proof thereof.

46. Denied, and Defendant demands strict proof thereof.

47. The material averments of this Paragraph that relate to the Defendant City of Clanton are denied, and the Defendant demands strict proof thereof.

48. To the degree this Paragraph makes claims against the Defendant City of Clanton (as opposed to "JCS"), those claims are denied and Defendant demands strict proof thereof.

49. The material averments of this Paragraph that related to the Defendant City of Clanton are denied, and the Defendant demands strict proof thereof.

50. Denied, and Defendant demands strict proof thereof.

51. Denied, and Defendant demands strict proof thereof.

52. Denied, and Defendant demands strict proof thereof.

53. Denied, and Defendant demands strict proof thereof.

54. Defendant is without sufficient information on which to form a belief, and therefore demands strict proof thereof.

55. Denied, and Defendant demands strict proof thereof.

56. Denied, and Defendant demands strict proof thereof.

57. Denied, and Defendant demands strict proof thereof.

58. Denied, and Defendant demands strict proof thereof.

59. Denied, and Defendant demands strict proof thereof.

60. Denied, and Defendant demands strict proof thereof.

61. Defendant is without sufficient information on which to form a belief, and therefore demands strict proof thereof.

62. Denied, and Defendant demands strict proof thereof.

## Claims for Relief

### Count One

63. Defendant incorporates by reference its responses in paragraphs 1-62.

64. Denied, and Defendant demands strict proof thereof.

65. Denied, and Defendant demands strict proof thereof.

### Count Two

66. Defendant incorporates by reference its responses in paragraphs 1-65.

67. Denied, and Defendant demands strict proof thereof.

68. Denied, and Defendant demands strict proof thereof.

### Count Three

69. Defendant incorporates by reference its responses in paragraphs 1-68.

70. Denied, and Defendant demands strict proof thereof.

71. Denied, and Defendant demands strict proof thereof.

### Count Four

72. Defendant incorporates by reference its responses in paragraphs 1-71.

73. Denied, and Defendant demands strict proof thereof.

74. Denied, and Defendant demands strict proof thereof.

75. Denied, and Defendant demands strict proof thereof.

### Count Five

76. Defendant incorporates by reference the allegations in paragraphs 1-75.

77. Denied, and Defendant demands strict proof thereof.

78. Denied, and Defendant demands strict proof thereof.

## Request for Relief

Defendant denies that the Plaintiffs are entitled to the relief sought under this sub-heading in Paragraphs a. through h.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1983.

3. The Complaint fails to state a claim upon which relief can be granted under the Fourteenth Amendment.

4. The Complaint fails to state a claim upon which relief can be granted under the Sixth Amendment.

5. The Complaint fails to state a claim upon which relief can be granted under the laws of the State of Alabama.

6. The Complaints fails to state a claim upon which injunctive and/or declaratory relief can be sought.

7. The Defendant pleads all doctrines of immunity and privilege, including, but not limited to absolute judicial immunity and/or qualified immunity.

8. The Defendant pleads the general issue.

9. The Complaint fails to state a claim upon which relief can be granted pursuant to *respondeat superior*.

10. Defendant contests the form and sufficiency of process and of service of process.

11. Defendant pleads the applicable statute of limitations and/or the doctrine of laches.

12. The Complaint fails to state a claim upon which relief can be granted in the form of compensatory damages.

13. The Complaint fails to state a claim upon which relief can be granted in the form of punitive damages.

14. The Complaint attempts to seek damages in excess of statutory limitations.

15. Defendant pleads all privileges, immunities, and statutory indemnification as provided in § 11-47-190, *et seq.*, Code

16. Defendant pleads all forms and doctrines of waiver and estoppel including, but not limited to collateral estoppel, issue preclusion, and *res judicata*.

17. Plaintiffs have failed to join necessary and indispensable parties to this action.

18. The Defendant pleads that it is not the proper party in interest.

19. The Defendant pleads judicial immunity.

20. The Defendant's police officers had ample probable cause to arrest the Plaintiffs.

21. Plaintiffs were found guilty of the criminal charges pending against them.

22. Plaintiffs' claims are barred by the doctrine established in *Heck v. Humpries*, 512 U.S. 477 (1994).

23. Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine.

24. Plaintiffs' claims should be dismissed pursuant to the *Younger* abstention doctrine.

25. Plaintiffs lack standing to bring this cause of action.

26. Plaintiffs' claims are moot.

27. Plaintiffs have failed to mitigate their damages.

28. Plaintiffs have failed to do equity.

29. The Defendant pleads the doctrine of unclean hands.

30. That this Court is without jurisdiction over the parties and the claims.

31. Defendant denies that it is guilty of conduct referable to which punitive damages could or should be awarded, and denies that Plaintiff has produced clear and convincing evidence sufficient to support or sustain the imposition of punitive damages against Defendant.

32. The Defendants pleads the doctrine of prior independent intervening cause.

33. Defendant pleads lack of proximate causation.

34. Defendant did not do any of the acts or omissions alleged in the Complaint.

35. Defendant pleads not guilty.

36. Each and every action taken by Defendant was taken with the good faith belief that it was legal and lawful at the time so taken.

37. Defendant pleads offset.

38. Defendant reserves the right to amend or supplement its affirmative defenses to this action as litigation is still in its infancy.

             s/ R. Warren Kinney
             James W. Porter, II
             Richard Warren Kinney
             *Attorneys for City of Clanton*

**Porter, Porter & Hassinger, P.C.**
P.O. Box 128
Birmingham, Alabama  35201-0128
(205) 322-1744
jwporterii@pphlaw.net
wkinney@pphlaw.net

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been ***electronically filed*** with the Clerk of the Court using the CM/ECF system which will send notification of such filing upon the following, this the 22nd day of July, 2015.  If Notice of Electronic Filing indicates that Notice should be delivered by other means to any of the following, I certify that a copy will be sent via U.S. Mail, properly addressed, postage prepaid.

Matthew Swerdlin, Esq.
1736 Oxmoor Road #101
Birmingham, AL 35209
matt@attorneyswerdlin.com

J. Mitch McGuire, Esq.
**McGuire & Associates, LLC**
31 Clayton Street
Montgomery, AL 36104
jmcguire@mandabusinesslaw.com

William M. Dawson, Esq.
**Dawson Law Office**
2229 Morris Avenue
Birmingham, AL 35203
Billdawson94@hotmail.com

s/ R. Warren Kinney
OF COUNSEL