IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

CANDICE CHAPMAN, *et al.*,       )
                                 )
    Plaintiffs,              )
                                 )
v.                               ) Case No.: 2:15-cv-125-RCL
                                 )
THE CITY OF CLANTON,             )
JUDICIAL CORRECTION              )
SERVICES, INC.                   )
                                 )
    Defendants.              )

**DEFENDANT CITY OF CLANTON'S MOTION TO DISMISS ALL
CLAIMS IN THE SECOND AMENDED AND RESTATED COMPLAINT**

COMES NOW the Defendant, the City of Clanton, and moves this honorable Court to DISMISS all claims asserted against it in the Second Amended and Restated Complaint [Doc. 74], averring as follows:

1. The Second Amended and Restated Complaint fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b).

2. The Second Amended and Restated Complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1983.

3. The Second Amended and Restated Complaint fails to state a claim upon which relief can be granted under Count One (Denial of Due Process).

4. The Second Amended and Restated Complaint fails to state a claim upon which relief can be granted under Count Three (Fourth Amendment).

5. The Second Amended and Restated Complaint fails to state a claim upon which relief can be granted under Count Five (Sixth Amendment).

6. The Second Amended and Restated Complaint fails to state a claim upon which relief can be granted under Count Seven (Eighth Amendment).

7. The Second Amended and Restated Complaint fails to state a claim upon which relief can be granted under Count Nine (Equal Protection Clause).

8. The Second Amended and Restated Complaint fails to state a claim upon which relief can be granted under Count Eleven (Declaratory and Injunctive Relief).

9. The Second Amended and Restated Complaint fails to comply Fed. R. Civ. P. 8's pleading requirements.

10. The Plaintiffs' claims are barred by the applicable statute of limitations.

11. The Plaintiffs' claims are moot.

12. The Court lacks subject matter jurisdiction over the Plaintiffs' claims.

13. The Plaintiffs' claims are barred pursuant to the previously executed agreement with the Defendant City of Clanton.

14. The Plaintiffs have failed to allege membership in a protected class.

15. The Complaints fails to state a claim upon which injunctive and/or declaratory relief can be sought.

16. The Defendant pleads all doctrines of immunity and privilege, including, but not limited to absolute judicial immunity, sovereign immunity and/or qualified immunity.

17. The Defendant pleads the general issue.

18. The Complaint fails to state a claim upon which relief can be granted pursuant to *respondeat superior*.

19. Defendant contests the form and sufficiency of process and of service of process.

20. Defendant pleads the applicable statute of limitations and/or the doctrine of laches.

21. The Complaint fails to state a claim upon which relief can be granted in the form of compensatory damages.

22. The Complaint fails to state a claim upon which relief can be granted in the form of punitive damages.

23. The Complaint attempts to seek damages in excess of statutory limitations.

24. Defendant pleads all privileges, immunities, and statutory indemnification as provided in § 11-47-190, *et seq.*, Code

25. Defendant pleads all forms and doctrines of waiver and estoppel including, but not limited to collateral estoppel, issue preclusion, and *res judicata*.

26. Plaintiffs have failed to join necessary and indispensable parties to this action.

27. Plaintiffs were found guilty of the criminal charges pending against them.

28. Plaintiffs' claims are barred by the doctrine established in *Heck v. Humpries*, 512 U.S. 477 (1994).

29. Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine.

30. Plaintiffs' claims should be dismissed pursuant to the *Younger* abstention doctrine.

31. Plaintiffs lack standing to bring this cause of action.

32. Plaintiffs have failed to mitigate their damages.

33. Plaintiffs have failed to do equity.

34. The Defendant pleads the doctrine of unclean hands.

35. That this Court is without jurisdiction over the parties and the claims.

36. Defendant denies that it is guilty of conduct referable to which punitive damages could or should be awarded, and denies that Plaintiff has produced clear and convincing evidence sufficient to support or sustain the imposition of punitive damages against Defendant.

37. The Defendants pleads the doctrine of prior independent intervening cause.

38. Defendant pleads lack of proximate causation.

39. Defendant did not do any of the acts or omissions alleged in the Complaint.

40. Defendant pleads not guilty.

41. Each and every action taken by Defendant was taken with the good faith belief that it was legal and lawful at the time so taken.

42. Defendant pleads offset.

43. Defendant reserves the right to amend or supplement its affirmative defenses during the pendency of this litigation.

Respectfully submitted,

s/ James W. Porter, II
James W. Porter, II
Richard Warren Kinney
*Attorneys for City of Clanton*

**Porter, Porter & Hassinger, P.C.**
P.O. Box 128
Birmingham, Alabama 35201
T: 205.322.1744; F: 205.322.1750
jwporterii@pphlaw.net
wkinney@pphlaw.net

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing upon the following, this the 29th day of December, 2016. If Notice of Electronic Filing indicates that Notice should be delivered by other means to any of the following, I certify that a copy will be sent via U.S. Mail, properly addressed, postage prepaid.

J. Mitch McGuire, Esq.  
McGuire & Associates,  
31 Clayton Street 1736  
Montgomery, AL 36104  
jmcguire@mandabusinesslaw.com

William M. Dawson, Esq.  
LLC Dawson Law Office  
Oxmoor Road  
Birmingham, AL 35209  
Billdawson94@hotmail.com

Matthew Swerdlin, Esq.  
1736 Oxmoor Road #101  
Birmingham, AL 35209  
matt@attorneyswerdlin.com

Danny Evans, Esq.  
Evans Law, P.C.  
1736 Oxmoor Road, Ste. 101  
Birmingham, AL 35209  
gdevans@evanslawpc.com

                                            s/ R. Warren Kinney  
                                            OF COUNSEL