**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| CANDICE CHAPMAN, *et al.*,<br>　　Plaintiffs,<br><br>v.<br><br>THE CITY OF CLANTON, JUDICIAL<br>CORRECTION SERVICES, LLC, CHC<br>COMPANIES, INC., and CORRECT CARE<br>SOLUTIONS, LLC,<br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　Civil Action No.:<br>　2:15-cv-00125-RCL-WC<br><br>　Class Action |

**REPLY TO PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Defendants CHC Companies, LLC (hereinafter "CHC Cos.") and Correct Care Solutions, LLC (hereinafter "CCS, LLC") reply to Plaintiffs' Response in Opposition to ... Motion to Dismiss Plaintiffs' Second Amended and Restated Complaint (Doc. 92) and renew their request for an order under Fed. R. Civ. P. 12(b)(6) dismissing them from the Second Amended Complaint for failure to state a claim upon which relief can be granted as to CHC Cos. or CCS, LLC. CHC Cos. and CCS, LLC adopt and incorporate any applicable arguments made by the other defendants in reply to Plaintiffs' oppositions to their respective motions to dismiss.

**I.　　ARGUMENT**

**A.　*Respondeat Superior* Liability Claims Fail as a Matter of Law**

Plaintiffs' opposition brief asserts "CHCC's and CCS' arguments repeated here are without merit as the Second Amended Complaint properly alleges that: 1) CHCC and CCS employ, train and direct JCS employees, and 2) CHCC and CCS maintain operational control and management of JCS." Doc. 92, p. 2. However, the Second Amended Complaint does not

1

allege CHC Cos. and CCS, LLC trained any employees and does not allege any facts regarding "operational control," other than the assertion "CCS controls the accounting, litigation and other operational aspects of the JCS operations.…" Doc. 74, ¶ 14. For purposes of this motion to dismiss, that does not state a cause of action against CHC Cos. or CCS, LLC.

Plaintiffs argue "CHCC and CCS directed and controlled the operations of JCS and employed the JCS personnel." Doc. 92, p. 4. However, they do not direct the Court to such allegations in their Second Amended Complaint. The Second Amended Complaint does not allege when or how the direction/control took place nor does it allege a constitutional violation from any specified direction/control by CHC Cos. or CCS, LLC of JCS. Even if taken as true, allegations that "CHCC and CCS directed and controlled the operations of JCS and employed the JCS personnel" are too vague to state a cause of action against CHC Cos. or CCS, LLC.

Plaintiffs argue the "Complaint plainly states that CHCC and CCS are liable for the acts of their employees operating JCS and for the policies implemented by JCS, which CHCC and CCS control." *Id*. They do not direct the Court to any allegation of control by CHC Cos. or CCS, LLC that is sufficient to impose liability on either legal entity for the acts for JCS in handling probation matters for the City.

Furthermore, Plaintiffs admit a "mere parent/subsidiary relationship is not the basis of Plaintiffs' claims." *Id*. Instead, they rely on the claim "CHCC and CCS jointly share the responsibility for JCS activities because CHCC and CCS direct and control the employees who operate JCS." *Id*. **They do not provide any legal authority** for the premise of their argument in Section B, of their opposition brief that the mere employment of the JCS personnel creates liability for CHC Cos. or CCS, LLC. Doc. 92, pp. 5-7. The same can be said for Plaintiffs' argument at Section D, which **lacks any legal authority** for their position that CHC Cos. or CCS,

LLC are liable for the "extortion system challenged is the result of the joint action by JCS, CHCC, CCS and the City of Clanton." Doc. 92, pp. 8-10.

The sole premise of Plaintiffs' Second Amended Complaint against CHC Cos. and CCS, LLC is summed up by their allegation that "CHCC and CCS directed and controlled the JCS operations and employed the JCS personnel." *Id*., p. 10. **That premise fails without legal authority** showing the allegation CHC Cos. or CCS, LLC employed the JCS personnel states a cause of action.[1]

Plaintiffs' claims against CHC Cos. and CCS, LLC are fatally defective in that Plaintiffs assert they "never alleged an action to pierce the corporate veil or that of alter ego…." Doc. 92, p. 6. That means they must assert another viable basis for liability against CHC Cos. and CCS, LLC. They do not. Instead, Plaintiffs premise their claims on the allegations that CHC Cos. and CCS, LLC were, at different times, the employer of the JCS probation personnel; the Second Amended Complaint alleges CHC Cos. "employed and directed employees in the JCS operations." Doc. 74, ¶ 13. The Second Amended Complaint further alleges that since June 24, 2014, CCS, LLC "employs all the personnel within the JCS operations and that division." *Id*. at ¶ 14. That bare allegation is not enough.

Under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978), "the requirement of a municipal policy or custom constitutes an essential element of a § 1983 claim that a plaintiff must prove in order to establish municipal liability." "[T]he *Monell* policy or custom requirement applies in suits against private entities performing functions traditionally within the exclusive prerogative of the state, such as the provision of medical care to inmates." *Buckner v. Toro*, 116 F.3d 450, 453 (11th Cir. 1997). Federal Courts in Alabama routinely extend the *Monell* principal

---

[1] Plaintiffs' concession that they did not plead an alter ego theory against CHC Cos. or CCS, LLC precludes a claim based on the allegation that "CHCC or CCS directed and controlled JCS operations…."

to private entities. *Barnes v. Corizon Health, LLC*, 2016 U.S. Dist. LEXIS 19519 (M.D. Ala. 2016) (granting Corizon, LLC's summary judgment as to plaintiff's § 1983 claims), *Norwood v. Thomas*, 2016 U.S. Dist. LEXIS (N.D. Ala. 2016) (granting Corizon, LLC's motion to dismiss of plaintiff's § 1983 claims), *Womble v. Corizon, Inc.*, 2015 U.S. LEXIS 33145 (M.D. Ala. 2015), *Letson v. Mitchell*, 2015 U.S. Dist. LEXIS 39885 (N.D. Ala. 2015) (granting Corizon, LLC's motion to dismiss of plaintiff's § 1983 claims), *Davis v. Corizon*, 2015 U.S. Dist. LEXIS 102316 (N.D. Ala. 2015) (granting Corizon, LLC's motion to dismiss of plaintiff's § 1983 claims), *West v. Daniels*, 2014 U.S. Dist. LEXIS 179336 (M.D. Ala. 2014) (granting Corizon, LLC's motion to dismiss plaintiff's § 1983 claims), *Campbell v. Thomas*, 2013 U.S. Dist. LEXIS 137320 (M.D. Ala. 2013) (granting summary judgment for CMS and holding that the plaintiff cannot state a § 1983 claim against CMS based on the actions of its employees. The Court evaluated plaintiff's claim against CMS, a private medical contractor performing a traditional state function of providing healthcare to inmates, as it would a municipality and noting that "a municipality cannot be held liable under a theory of *respondeat superior* or vicarious liability."), *Myer v. Corr. Med. Servs.*, 2013 U.S. Dist. LEXIS 50753 (M.D. Ala. 2013) (granting defendants' motion for summary judgment and stating that "Supervisory officials are not liable under § 1983 on the basis of *respondeat superior* or vicarious liability."), *Jones v. Corr. Med. Servs.*, 2013 U.S. Dist. LEXIS 50135 (M.D. Ala. 2013) (granting CMS's motion for summary judgment as to plaintiff's § 1983 claims). *See also Morgan v. Tucker*, 2016 U.S. Dist. LEXIS 36054 (M.D. Fla. 2016) (Corizon's motion to dismiss granted and plaintiffs' § 1983 claims against Corizon dismissed).

The Plaintiffs are seeking relief against these defendants in their supervisory capacity. Public officials in supervisory positions cannot simply be held vicariously liable for the acts of

their subordinates. *Robertson v. Sichel*, 127 U.S. 507, 8 S. Ct. 1286, 32 L. Ed. 203 (1888); *Byrd v. Clark*, 783 F.2d 1002, 1008 (11th Cir. 1986), abrogation on other grounds recognized by *Nolin v. Isbell*, 207 F.3d 1253 (11th Cir. 2000).[2] Liability in a Section 1983 action cannot be predicated solely upon the doctrine of *respondeat superior. Pritchett v. Cummings*, 2017 U.S. Dist. LEXIS 16378, at *9 (S.D. Fla. Feb. 2, 2017), citing *Monell v. Dep't Social Servs*., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); and *Vineyard v. Murray*, 990 F.2d 1207 (11th Cir. 1993).[3]

Plaintiffs do not plead a causal connection between the acts of CHC Cos. or CCS, LLC and the alleged constitutional deprivation which is a required element to render CHC Cos. or CCS, LLC liable on a Section 1983 claim. *Id., citing Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (Eleventh Circuit affirmed dismissal of defendants noting that the complaint failed to allege facts associating the defendant with the alleged violation).

> This standard is extremely rigorous. Vague and conclusory statements are insufficient to support individual supervisory liability.… The plaintiff's vague and conclusory allegations regarding these three defendants do not state a claim for vicarious liability. Therefore, the claims … should be dismissed for failure to state a claim upon which relief can be granted.

---

[2] Alabama Courts have adopted this well settled law. *Radford v. Thomas*, 2016 U.S. Dist. LEXIS (M.D. Ala. 2016)(granting defendants' motions for summary judgment as to plaintiff's § 1983 claims and holding that the requisite causal connection did not exist between the supervisor and his subordinates), *Caldwell v. Bentley*, 2015 U.S. Dist. LEXIS 31833 (M.D. Ala. 2015) (granting defendants' motions for summary judgment as to plaintiff's § 1983 claims and holding that liability could only attach to the named defendants only if they "personally participated" in the challenged conduct or a causal connection exists between their actions and the alleged deprivation of the plaintiff's rights), *Golston v. Hetzel*, 2015 U.S. Dist. LEXIS 21766 (M.D. Ala. 2015) (granting defendants' motions for summary judgment as to plaintiff's § 1983 claims), *Horsman v. Bentley*, 2014 U.S. Dist. LEXIS 165344 (M.D. Ala. 2014) (granting defendants' motions for summary judgment as to plaintiff's § 1983 claims).

[3] *Savoie v. Martin*, 673 F. 3d 488, 494 (6th Cir. 2012) ("*respondeat superior* is not a valid theory of liability for private contractors employed by the state. Indeed, 'every circuit to consider the issue' has extended to 'private corporations as well' the rule that a defendant cannot be held liable under section 1983 on a *respondeat superior* or vicarious liability basis.").

*Id.*, citing *Doe v. School Bd. of Broward County*, 604 F.3d 1248, 1266 (11th Cir. 2010); *Gonzalez v. Reno*, 325 F.3d 1228 (11th Cir. 2003); and *Hendrix v. Tucker*, 535 Fed. Appx. 803 (11th Cir. 2013).

The material elements supporting a Section 1983 claim against a municipality (or private company) are: (1) that the plaintiff's constitutional rights were violated; (2) that the municipality (or private company) had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).

> The necessary causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences. A plaintiff can also establish the necessary causal connection by showing facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so, or that a supervisor's custom or policy ... resulted in deliberate indifference to constitutional rights.

*Danley v. Allen*, 540 F.3d 1298, 1314 (11th Cir. 2008), internal citations and quotation marks omitted.

In *Cottone v. Jenne*, 326 F.3d 1352, 1361 (11th Cir. 2003), the plaintiffs alleged that jail supervisors were liable for the jail guards' failure to monitor a mentally disturbed individual who attacked and killed the inmate. *Cottone*, 326 F.3d at 1361. The complaint further alleged that "the defendants were on notice of the widespread unconstitutional conduct" by guards at the jail but had failed to properly train and supervise them. *Id.* **The Eleventh Circuit held that the plaintiffs failed to state a claim of supervisory liability because the complaint did not allege "any specific facts at all" showing that the supervisors had knowledge of the guards'**

6

**failure to monitor the inmates during this incident "or even one prior incident."** *Id.* **Here, the Second Amended Complaint does not allege in any of its 399 paragraphs that CHC Cos. or CCS, LLC had knowledge or notice of anything-let alone unconstitutional acts by JCS employees.**

Because the complaint in *Cottone* failed to allege that the supervisors were on notice of the guards' unconstitutional conduct, it did not adequately allege that they were aware of a need to correct it through further training or supervision. *Id.* at 1361-62. The same conclusion must be reached here.

Furthermore, the plaintiffs in *Cottone* did not allege that a policy or custom implemented by the supervisors was involved with the inmate's death or that the supervisors instructed the guards to commit constitutional violations. *Id.* at 1362. Therefore, "the plaintiffs fail[ed] to establish the necessary causal connection between the supervisors and the unconstitutional conduct in issue for supervisory liability to be imposed." *Id.* The Second Amended Complaint doesn't name and use the word "custom" in its 399 paragraphs. While it repeatedly asserts various things were part of the policy and practice of the City of Clanton, the Second Amended Complaint does not allege any Custom or practice of CHC Cos. or CCS, LLC. It simply does not allege any specific facts at all with respect to CHC Cos. or CCS, LLC. Instead, the only thing of which plaintiffs can hope to convince this Court is that the completely indiscriminate labeling of all of the defendants (except the City of Clanton) as "JCS" meets its duty to plead specific facts as to CHC Cos. and CCS, LLC's alleged illegal acts.

Here, the Plaintiffs rely on the vague mantra that CHC Cos. or CCS, LLC directed and employed JCS personnel. That fails to meet the rigorous standard for pleading an actionable constitutional deprivation by CHC Cos. or CCS, LLC.

7

**B.      The Statute of Limitations bars Plaintiffs' claims.**

As argued by JCS, *Rademaker v. E.D. Flynn Exp. Co.*, 17 F.2d 15 (5th Cir. 1927), is distinguishable from the instant case in that these Plaintiffs did not serve these new defendants before the statute of limitations ran and, significantly, these Plaintiffs knew of these defendants' identities long before filing their Motion for Leave to Amend the Pleadings. 17 F.2d at 17. Even if the statute of limitations period did begin to run on April 27, 2016, many of the claims would still be barred by the statute of limitations. Plaintiffs' blanket assertion that "[t]he dates of the Plaintiffs' damages all occurred within two years of the filing of the motion to amend - or since April 27, 2014" is false and Plaintiffs intentionally do not address the specific arguments as to each individual plaintiff.

As explained in detail in the Motion to Dismiss, all Littlefield's claims related to his 2010 improper tag and driving while licensed suspended accrued before April 2014. Steadman Kine's claims arising from his charges for minor in consumption of alcohol and littering both occurred before April 2014. All of DeAngelo Barnett's claims arising from his public intoxication charge occurred before April 2014. Thus, even if the Complaint did relate back to when the Motion to Amend was filed, there are no allegations of any constitutional violations on or after April 2014 and, thus, would still be barred by the statute of limitations.

**C.      Matters Conceded**

Plaintiff failed to address multiple arguments made in the Motion to Dismiss, including:

1. There are no allegations CHC Cos. or CCS, LLC was a party to the contract with Clanton or assumed any duty in the contract. (Doc. 82-1, p. 10-11).

2. Plaintiffs failed to allege a single fact alluding to misuse of subsidiaries by CHC Cos. or CCS, LLC. (Doc. 82-1, p. 11).

3. The complaint fails to state a cause of action against CHC Cos. or CCS, LLC as there is no allegation that either controls the affairs of JCS or Correctional Healthcare Companies, Inc. to make JCS or Correctional Healthcare Companies, Inc. a mere adjunct, instrumentality, or alter ego of CHC Cos. or CCS, LLC  (Doc. 82-1, p. 11).

4. Plaintiffs failed to plead facts sufficient to hold CHC Cos. or CCS, LLC liable for the acts of JCS or Correctional Healthcare Companies, Inc. (Doc. 82-1, p. 10-11).

5. Plaintiffs failed to plead any facts or allegations which plausibly support a conclusion of an agency relationship between either JCS or Correctional Healthcare Companies, Inc. and CHC Cos. or CCS, LLC.  (Doc. 82-1, p. 9-10).

6. Plaintiffs failed to assert any alternative or separate basis for liability against CHC Cos. or CCS, LLC.  (Doc. 82-1, p. 11-13).

7. Plaintiffs failed to address the specific arguments against each plaintiffs' § 1983 claims.  (Doc. 82-1, p. 14-21).[4]

Courts in the Eleventh Circuit have held that the failure of a party to respond or oppose a pending motion may constitute an abandonment of the claims at issue in that motion. *See, e.g., Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta,* 219 F.3d 1301, 1326 (11th Cir. 2000)  (finding that a party's failure to brief and argue an issue before the district court is grounds for declaring it abandoned); *Hooper v. City of Montgomery,* 482 F. Supp. 2d 1330, 1334 (M.D. Ala. 2007) (concluding that a plaintiff's failure to respond to claims in a defendant's motion to dismiss resulted in dismissal of those claims as abandoned).[5]

---

[4] Plaintiffs' merely responded that the facts alleged are to be taken as true and, as such, the Motion to Dismiss is to be denied.  CHC Cos. and CCS, LLC do not contest that the facts must be taken as true and drafted the Motion to Dismiss based on that principle.

[5] "A number of federal courts have declared that a motion to dismiss may be properly granted under these circumstances without reaching the merits, based on the theory that (i) plaintiff's failure to respond operates as a concession that the motion should be granted, or (ii) dismissal is appropriate as a sanction for failure to prosecute or to obey the court's orders." *Anderson v. Greene,* 2005 U.S. Dist. LEXIS 38684, 2005 WL 1971116, *2 (S.D. Ala. Aug. 16, 2005). *See, e.g., Fox v. Am. Airlines, Inc.,* 363 U.S. App. D.C. 459, 389 F.3d 1291, 1294-1295 (D.C. Cir. 2004) (finding no error where district court granted *motion to dismiss* based on reasoning that plaintiffs' *failure to respond* to *motion* within prescribed time renders *motion* conceded); *Pomerleau v. West Springfield Public Schools,* 362 F.3d 143, 145 (1st Cir. 2004) (*citing* authority for proposition that court may treat *failure to respond* to *motion to dismiss* as procedural default where court had ordered response, unless granting *motion* would offend equity or conflict with federal rules); *Stackhouse v. Mazurkiewicz,* 951 F.2d 29, 30 (3d Cir. 1991) (noting that if a party

**D.     Plaintiffs' Section 1983 Claims Should Be dismissed.**

Plaintiffs briefly and half-heartedly address CHC Cos.'s and CCS, LLC's arguments that the alleged injuries pre- or post-date any involvement by CHC Cos. and/or CCS, LLC.  There is no causal connection between many of the Plaintiffs' alleged constitutional violations and any alleged conduct or potential involvement of CHC Cos. and/or CCS, LLC.  CHC Cos. and CCS, LLC clearly detail all alleged constitutional violations that pre- or post-date these defendants' purported employment, direction, or control over the JCS personnel and Plaintiffs fail to contest these arguments.

Plaintiffs dedicate one paragraph to Sections 3(c), (d), and (e) of the Motion to Dismiss and do not substantively make any counter-arguments against these defendants' positions. Instead, Plaintiffs toss in the towel and state that "[f]or purposes of this motion, these allegations must be taken as true (indeed they are true)."  Doc. 92, p. 10.  CHC Cos. and CCS, LLC do not disagree.  In fact, nowhere in the Motion to Dismiss (Doc. 82-1) do defendants ask this this Court to assume otherwise.  Thus, there is nothing in this section for these defendants to contest. Plaintiffs cite no case law and raise no arguments to CHC Cos.'s and CCS, LLC's positions whatsoever.  Therefore, CHC Cos. and CCS, LLC reassert their arguments from the Motion to Dismiss.

## II.  CONCLUSION

Fed. R. Civ. P. 12(b)(6) requires dismissal of CHC Cos. and CCS, LLC because the Second Amended and Restated Complaint fails to state a claim upon which relief can be granted as to these defendants.  Plaintiffs' claims against CHC Cos. and CCS, LLC are barred by the *Monell* principles.  The Second Amended Complaint alleges no more than CHC Cos. and CCS,

---

represented by counsel fails to respond to a motion to dismiss, a court may treat the motion as unopposed and subject to dismissal without conducting a merits analysis).

LLC wholly own other corporate defendants, that CHC Cos. and CCS, LLC somehow "directed" JCS, Inc.'s employees. There are no allegations of wrongdoing by CHC Cos. or CCS, LLC. What Plaintiffs really are attempting is to state an *alter ego* theory against CHC Cos. and CCS, LLC. However, Plaintiffs utterly fail to allege the elements of such a theory or the facts necessary to pierce the corporate veil of any of the corporate defendants. Plaintiffs' claims against CHC Cos. and CCS, LLC are also barred in whole, or in part, by the statute of limitations.

For these reasons, CHC Cos. and CCS, LLC respectfully requests an order dismissing them as defendants in this matter or granting such other relief as the Court deems just.

RESPECTFULLY SUBMITTED,

DATED: February 14, 2017    */s/ F. Lane Finch, Jr.*
F. LANE FINCH, JR. (ASB-0027-I58F)
BRIAN C. RICHARDSON (ASB-5241-H14U)
*Attorneys for CHC Companies, Inc. and Correct Care Solutions, LLC*

**OF COUNSEL:**
**Swift, Currie, McGhee and Hiers, LLP**
2 North 20th Street, Suite 1405
Birmingham, AL 35203
Tel: (205) 314-2401
Fax: (205) 244-1373
lane.finch@swiftcurrie.com
brian.richardson@swiftcurrie.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on February 14, 2017, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of filing to the following attorneys of record:

| | |
|---|---|
| William M. Dawson, Jr.<br>DAWSON LAW OFFICE<br>1736 Oxmoor Road<br>Birmingham, AL 35209 | Michael L. Jackson<br>Larry S. Logsdon<br>WALLACE JORDAN RATLIFF & BRANDT, LLC<br>P. O. Box 530910<br>Birmingham, AL 35253 |
| G. Daniel Evans<br>Alexandria Parrish<br>Maurine C. Evans<br>THE EVANS LAW FIRM, PC<br>1736 Oxmoor Road, Suite 101<br>Birmingham, AL 35209 | L. Conrad Anderson, IV<br>Gregory C. Cook<br>Ginny Willcox Leavens<br>Chase T. Espy<br>Christopher Knox Friedman<br>Will Tankersley, Jr.<br>BALCH & BINGHAM, LLP<br>1901 6th Avenue North, Suite 1500<br>Birmingham, AL 35203 |
| Joseph M. McGuire<br>McGuire & Associates, LLC<br>31 Clayton Street<br>Montgomery, AL 36104 | |
| Matthew Swerdlin<br>Matthew Swerdlin, Attorney at Law<br>1736 Oxmoor Road, Suite 101<br>Homewood, AL 35209 | Richard W. Kinney<br>James W. Porter, II<br>PORTER, PORTER & HASSINGER, PC<br>P.O. Box 128<br>Birmingham, AL 35201-0128 |

            */s/ F. Lane Finch, Jr.*
            OF COUNSEL