# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| CANDICE CHAPMAN, MICHAEL LITTLEFIELD, STEDMAN KINE, DEANGELO BARNETT, TRACY DUBOSE, individually and for a class of similarly situated persons or entities, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 2:15-cv-00125-RCL-WC |
| THE CITY OF CLANTON, a municipal corporation; JUDICIAL CORRECTION SERVICES, LLC., a limited liability company, f/d/b/a JUDICIAL CORRECTION SERVICES, INC.; CHC COMPANIES, INC., a corporation; and CORRECT CASE SOLUTIONS, LLC, a limited liability company, | ) ) ) ) ) ) ) ) ) ) ) | CLASS ACTION |
| Defendants. | ) | |

## ANSWER TO SECOND AMENDED AND RESTATED COMPLAINT

Comes Defendant, The City of Clanton and asserts the following in response to Plaintiffs' Second Amended and Restated Complaint:

1.     Defendant admits this court has subject matter jurisdiction, but denies the Plaintiffs are entitled to any relief under 42 U.S.C. §§ 1983 or 1988.

2.     Defendant admits this court has subject matter jurisdiction, but denies the plaintiffs are entitled to any relief under 42 U.S.C. § 1983, or under 28 U.S.C. § 1367 for their state law claims.

3.     No response is due from Defendant to the statement contained in Paragraph 3; however, to the extent a response is due, Defendant denies that Plaintiffs are entitled to any declaratory judgment.

4.     Admitted.

## PARTIES TO THE COMPLAINT

5.     Admitted based on information and belief.

6.     Admitted based on information and belief.

7.     Admitted based on information and belief.

8.     Admitted based on information and belief.

9.     Admitted based on information and belief.

10.    No response is due from Defendant to the alleged classes the Plaintiffs seek to represent; however, to the extent a response is required, Defendant denies the allegations in Paragraph 10 and that this case is appropriate for class certification.

11.    Defendant admits it is a municipal corporation located in Chilton County, Alabama. The defendant denies the remaining allegations in Paragraph 11.

12.    Paragraph 12 contains no allegations against Defendant, therefore no response is required. To the extent a response is required, Defendant is without

sufficient information to admit or deny the allegations in Paragraph 12, and therefore is denied.

13.    Paragraph 13 contains no allegations against Defendant, therefore no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations in Paragraph 13, and therefore is denied.

14.    Paragraph 14 contains no allegations against Defendant, therefore no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations in Paragraph 14, and therefore is denied.

## FACTS

15.    Denied.

16.    Defendant admits that it entered an agreement with JCS to provide probation services. Unless expressly admitted, the Defendant denies the remaining allegations in Paragraph 16.

17.    Denied.

18.    Denied.

19.    Denied.

20.    Denied.

21.    Defendant admits that it contracted with JCS to provide probation services on 2009 and terminated the contract in 2015. The Defendant denies the remaining allegations in Paragraph 21.

22.    Defendant admits that John Hollis Jackson III was approved by the City Council as a judge of the Municipal Court. The Defendant denies the remaining allegations in Paragraph 22.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 26, therefore they are denied.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Defendant admits that the Clanton Mayor and City Council control some aspects of policy making for the City of Clanton, that the City Council approves a Municipal Court judge, and that the City of Clanton contracted with JCS

for some Municipal Court services. The Defendant denies the remaining paragraphs in Paragraph 33.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Defendant is without sufficient information to admit or deny the allegations in Paragraph 40, therefore they are denied.

41. Denied.

42. Defendant is without sufficient information to admit or deny the allegations in Paragraph 42, therefore they are denied.

43. Defendant is without sufficient information to admit or deny the allegations in Paragraph 43, therefore they are denied.

44. Denied.

45. Denied.

46. Denied.

**THE PLAINTIFFS**

47. Denied.

## CANDICE CHAPMAN

48.     Defendant admits, based on information and belief, that Ms. Chapman is an individual resident of Jemison, Chilton County, Alabama.

49.     Defendant admits that on April 3, 2014, Clanton Police Officers stopped a vehicle that Ms. Chapman was driving, obtained consent to search her vehicle, and discovered Marijuana. Defendants also admit that Ms. Chapman was charged with Possession of Marijuana in the Second Degree. Defendant denies the remaining allegations in Paragraph 49.

50.     Defendant admits that on May 13, 2014, Ms. Chapman appeared at the Clanton Municipal Court and pled guilty to Possession of Marijuana in the Second Degree. Defendant further admits that Judge Jackson sentenced her to 30 days in jail, and suspended the sentence in favor of probation and Court Referral. Defendant also admits that Judge Jackson assessed $251 in fines and $650 in court costs. Defendant denies the remaining allegations in Paragraph 50.

51.     Defendant admits that Judge Jackson placed Ms. Chapman on probation. The Defendant denies the remaining allegations in Paragraph 51.

52.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 52, therefore, they are denied.

53.     Defendant admits that Judge Jackson ordered Ms. Chapman to pay JCS a one time $10 file set up charge, and $40 for each month on probation. Defendant denies the remaining allegations in Paragraph 53.

54.     Defendant denies that Ms. Chapman was arrested in Wal-Mart on May 25, 2015. Defendant admits that on April 29, 2014, Ms. Chapman was arrested after stealing merchandise from the Clanton Wal-Mart. Defendant admits that Ms. Chapman was charged with Theft of Property in the Third Degree.

55.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 55, therefore, they are denied.

56.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 56, therefore, they are denied.

57.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 57, therefore, they are denied.

58.     Defendant admits that Ms. Chapman pled guilty to Theft of Property in the Third Degree on July 15, 2014 in the Clanton Municipal Court. Defendant admits that Judge Jackson sentenced her to 30 days in jail, but suspended the sentence in favor of probation. Defendant further admits that Judge Jackson fined Ms. Chapman $250, and assessed $251 in court costs. Defendant denies the remaining allegations in Paragraph 58.

59.     Denied.

1521477.2

60.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 60, therefore, they are denied.

61.     Defendant admits that Judge Jackson ordered Ms. Chapman to pay JCS a one time $10 file set up charge, and $40 for each month on probation. Defendant denies the remaining allegations in Paragraph 61.

62.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 62, therefore, they are denied.

63.     Defendant admits that on August 19, 2014, Ms. Chapman pled guilty to Promoting Prison Contraband in the Clanton Municipal Court. Defendant admits that Judge Jackson assessed $200 in fines and $251 in court costs for this offense. Defendant denies the remaining allegations in Paragraph 63.

64.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 64, therefore, they are denied.

65.     Defendant admits that, on September 19, 2014, Ms. Chapman was arrested on a bench warrant, issued by the Clanton Court Magistrate, for failure to appear at probation revocation hearing at the Clanton Municipal Court ten days earlier. Defendant is without sufficient information to admit or deny the remaining allegations of Paragraph 65, therefore, they are denied.

66.     Defendant is without sufficient information to admit or deny the allegations of paragraph 66, therefore, they are denied.

67.     Denied.

68.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 68, therefore, they are denied.

69.     Denied.

70.     Denied.

71.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 71, therefore, they are denied.

72.     Denied.

**MICHAEL LITTLEFIELD**

73.     Defendant admits, based on information and belief, that Mr. Littlefield is an individual resident of Clanton, Chilton County, Alabama.

74.     Admitted.

75.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 75, therefore, they are denied.

76.     Denied.

77.     Defendant admits that Mr. Littlefield pled guilty to driving with an improper tag and driving with a suspended license, and that Judge Jackson assessed fines and court costs totaling $320 and $173.50, respectively. Defendant also admits that Judge Jackson sentenced Mr. Littlefield to probation. Defendant is without

sufficient information to admit or deny the remaining allegations of Paragraph 77, therefore, they are denied.

78.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 78, therefore, they are denied.

79.     Defendant admits that Judge Jackson ordered Mr. Littlefield to pay a one time set up fee of $10, and a monthly probation fee of $40. Defendant denies the remaining allegations in Paragraph 79.

80.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 80, therefore, they are denied.

81.     Admitted.

82.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 82, therefore, they are denied.

83.     Denied.

84.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 84, therefore, they are denied.

85.     Defendant admits that Judge Jackson ordered Mr. Littlefield to pay a one time set up fee of $10, and a monthly probation fee of $40. Defendant denies the remaining allegations in Paragraph 85.

86.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 86, therefore, they are denied.

87.     Defendant admits that on November 4, 2014, Mr. Littlefield pled guilty to Illegal Possession of Prescription Drugs. Defendant admits that Judge Jackson sentenced Mr. Littlefield to 30 days in jail, but suspended that sentence in favor of probation. Defendant also admits that Judge Jackson assessed a fine of $251, and court costs of $736. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 87, therefore, they are denied.

88.     Defendant admits that Judge Jackson ordered Mr. Littlefield to pay a one time set up fee of $10, and a monthly probation fee of $40. Defendant denies the remaining allegations in Paragraph 88.

89.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 89, therefore, they are denied.

90.     Defendant admits that Mr. Littlefield was arrested on December 19, 2014, pursuant to a warrant issued by the Municipal Court. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 90, therefore, they are denied.

91.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 91, therefore, they are denied.

92.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 92, therefore, they are denied.

93.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 93, therefore, they are denied.

94.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 94, therefore, they are denied.

95.     Denied.

96.     Denied.

97.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 97, therefore, they are denied.

98.     Denied.

**STEADMAN KINE**

99.     Defendant admits, based on information and belief, that Mr. Kine is an individual resident of Clanton, Chilton County, Alabama.

100.    Admitted.

101.    Denied.

102.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 102, therefore, they are denied.

103.    Denied.

104.    Defendant admits that Judge Jackson ordered Mr. Kine to pay a one time set up fee of $10, and a monthly probation fee of $40. Defendant denies the remaining allegations in Paragraph 104.

105.   Defendant is without sufficient information to admit or deny the allegations in Paragraph 105, therefore, they are denied.

106.   Defendant is without sufficient information to admit or deny the allegations in Paragraph 106, therefore, they are denied.

107.   Defendant is without sufficient information to admit or deny the allegations in Paragraph 107, therefore, they are denied.

108.   Defendant is without sufficient information to admit or deny the allegations in Paragraph 108, therefore, they are denied.

109.   Defendant is without sufficient information to admit or deny the allegations in Paragraph 109, therefore, they are denied.

110.   Defendant is without sufficient information to admit or deny the allegations in Paragraph 110, therefore, they are denied.

111.   Defendant is without sufficient information to admit or deny the allegations in Paragraph 111, therefore, they are denied.

112.   Defendant is without sufficient information to admit or deny the allegations in Paragraph 112, therefore, they are denied.

113.   Defendant is without sufficient information to admit or deny the allegations in Paragraph 113, therefore, they are denied.

114.   Denied.

115.   Defendant is without sufficient information to admit or deny the allegations in Paragraph 115, therefore, they are denied.

116.   Defendant is without sufficient information to admit or deny the allegations in Paragraph 116, therefore, they are denied.

117.   Admitted.

118.   Denied.

119.   Defendant admits that, on May 14, 2013, Mr. Kine pleaded guilty to Criminal Littering, and Judge Jackson fined him $250, and assessed $251 in court costs. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 119, therefore, they are denied.

120.   Defendant is without sufficient information to admit or deny the allegations in Paragraph 120, therefore, they are denied.

121.   Denied.

122.   Defendant admits that Judge Jackson ordered Mr. Kine to pay a one time set up fee of $10, and a monthly probation fee of $40. Defendant denies the remaining allegations in Paragraph 122.

123.   Defendant is without sufficient information to admit or deny the allegations in Paragraph 123, therefore, they are denied.

124.   Defendant is without sufficient information to admit or deny the allegations in Paragraph 124, therefore, they are denied.

125.   Defendant is without sufficient information to admit or deny the allegations in Paragraph 125, therefore, they are denied.

126.   Defendant is without sufficient information to admit or deny the allegations in Paragraph 126, therefore, they are denied.

127.   Defendant admits that, on September 17, 2014, Mr. Kine pleaded guilty to Criminal Trespass in the Third Degree. All other allegations in Paragraph 127 are denied unless specifically admitted.

128.   Denied that Mr. Kine was not given a jail sentence for Criminal Trespass in the Third Degree. Admitted that Judge Jackson assessed a $200 fine and $374 in court costs.

129.   Defendant is without sufficient information to admit or deny the allegations in Paragraph 129, therefore, they are denied.

130.   Denied.

131.   Defendant is without sufficient information to admit or deny the allegations in Paragraph 131, therefore, they are denied.

132.   Defendant admits that Judge Jackson ordered Mr. Kine to pay a one time set up fee of $10, and a monthly probation fee of $40. Defendant denies the remaining allegations in Paragraph 132.

133.   Defendant is without sufficient information to admit or deny the allegations in Paragraph 133, therefore, they are denied.

134.   Defendant is without sufficient information to admit or deny the allegations in Paragraph 134, therefore, they are denied.

135.   Defendant is without sufficient information to admit or deny the allegations in Paragraph 135, therefore, they are denied.

136.   Defendant is without sufficient information to admit or deny the allegations in Paragraph 136, therefore, they are denied.

137.   Defendant is without sufficient information to admit or deny the allegations in Paragraph 137, therefore, they are denied.

138.   Denied.

139.   Defendant admits that, on July 6, 2014, Mr. Kine was involved in a traffic stop where he ran from police officers, but was ultimately subdued. Defendant further admits that Mr. Kine was charged with attempting to elude police, resisting arrest, and possession of marijuana. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 139, therefore, they are denied.

140.   Denied.

141.   Admitted that Judge Jackson sentenced Mr. Kine to probation. The remaining allegations in Paragraph 141 are denied.

142.   Defendant admits that Judge Jackson ordered Mr. Kine to pay a one time set up fee of $10, and a monthly probation fee of $40. Defendant denies the remaining allegations in Paragraph 142.

143.   Defendant is without sufficient information to admit or deny the allegations in Paragraph 143 and, therefore, they are denied.

144.   Denied.

145.   Admitted.

146.   Denied.

147.   Denied.

148.   Defendant is without sufficient information to admit or deny the allegations in Paragraph 148, and therefore, they are denied.

149.   Denied.

150.   Denied.

151.   Defendant is without sufficient information to admit or deny the allegations in paragraph 151, therefore, they are denied.

152.   Denied.

**DEANGELO BARNETT**

153.   Defendant admits, based on information and belief, that Mr. Barnett is an individual resident of Toccoa, Stephens County, Georgia.

154.   Defendant is without sufficient information to admit or deny the allegations in Paragraph 154, and therefore, they are denied.

155.   Defendant is without sufficient information to admit or deny the allegations in Paragraph 155, and therefore, they are denied.

156. Denied.

157. Defendant is without sufficient information to admit or deny the allegations in Paragraph 157, and therefore, they are denied.

158. Defendant admits that Judge Jackson ordered Mr. Barnett to pay a one time set up fee of $10, and a monthly probation fee of $40. Defendant denies the remaining allegations in Paragraph 158.

159. Defendant is without sufficient information to admit or deny the allegations in Paragraph 159, therefore, they are denied.

160. Defendant is without sufficient information to admit or deny the allegations in Paragraph 160, therefore, they are denied.

161. Defendant is without sufficient information to admit or deny the allegations in Paragraph 161, therefore, they are denied.

162. Defendant is without sufficient information to admit or deny the allegations in Paragraph 162, therefore, they are denied.

163. Defendant is without sufficient information to admit or deny the allegations in Paragraph 163, therefore, they are denied.

164. Denied.

165. Defendant is without sufficient information to admit or deny the allegations in Paragraph 165, therefore, they are denied.

166.   Defendant is without sufficient information to admit or deny the allegations in Paragraph 166, therefore, they are denied.

167.   Defendant is without sufficient information to admit or deny the allegations in Paragraph 167, therefore, they are denied.

168.   Defendant admits that on July 2, 2013, Mr. Barnett appeared in the Clanton Municipal Court on a charge of Driving While Revoked. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 168, therefore, they are denied.

169.   Defendant admits that Judge Jackson ordered Mr. Barnett to pay a one time set up fee of $10, and a monthly probation fee of $40. Defendant denies the remaining allegations in Paragraph 169.

170.   Defendant is without sufficient information to admit or deny the allegations in Paragraph 170, therefore, they are denied.

171.   Denied.

172.   Defendant admits that Judge Jackson ordered Mr. Barnett to pay a one time set up fee of $10, and a monthly probation fee of $40. Defendant denies the remaining allegations in Paragraph 172.

173.   Defendant admits that Mr. Barnett's February 4, 2014 fines and court costs, which were assessed by Judge Jackson for Driving Without a Seatbelt and

Driving With a Revoked License, totaled $590. Defendant denies the remaining allegations in Paragraph 173.

174.   Defendant is without sufficient information to admit or deny the allegations in Paragraph 174, therefore, they are denied.

175.   Defendant is without sufficient information to admit or deny the allegations in Paragraph 175, therefore, they are denied.

176.   Defendant is without sufficient information to admit or deny the allegations in Paragraph 176, therefore, they are denied.

177.   Defendant is without sufficient information to admit or deny the allegations in Paragraph 177, therefore, they are denied.

178.   Denied.

179.   Denied.

180.   Denied.

**TRACY DUBOSE**

181.   Defendant admits, based on information and belief, that Ms. Dubose is an individual resident of Clanton, Chilton County, Alabama.

182.   Defendant admits that, on May 21, 2013, Ms. Dubose pleaded guilty to Possession of Drug Paraphernalia in the Clanton Municipal Court. Defendant also admits that Judge Jackson assessed $251 in fines, and $590 in court costs. Defendant denies the remaining allegations in Paragraph 182 and, therefore, they are denied.

183.   Defendant admits that Judge Jackson ordered Mr. Barnett to pay a one time set up fee of $10, and a monthly probation fee of $40. Defendant denies the remaining allegations in Paragraph 183.

184.   Defendant is without sufficient information to admit or deny the allegations in Paragraph 184, therefore, they are denied.

185.   Denied.

186.   Defendant is without sufficient information to admit or deny the allegations in Paragraph 186, therefore, they are denied.

187.   Defendant is without sufficient information to admit or deny the allegations in Paragraph 187, therefore, they are denied.

188.   Denied.

189.   Defendant is without sufficient information to admit or deny the allegations in Paragraph 189, therefore, they are denied.

190.   Denied.

191.   Denied.

## PLAINTIFFS' CLASS ALLEGATIONS

192.   Defendant denies the allegations in Paragraph 192, and particularly that Plaintiffs' claims should be certified as a class action.

193.   Denied.

194.   Denied.

195.   Denied.

196.   Denied.

197.   Denied.

198.   Defendant denies the allegations of Paragraph 198, including subparagraphs "a" through "m."

199.   Denied.

200.   Denied.

201.   Denied.

## COUNT ONE - DENIAL OF DUE PROCESS
## CITY OF CLANTON

Defendant incorporates by reference the previous answers and denials of the previous Paragraphs as if fully stated therein.

202.   Denied.

203.   Denied.

204.   Denied.

205.   Denied.

206.   Denied.

207.   No response is due from Defendant to the legal conclusion contained in Paragraph 207; however, to the extent a response is due, Defendant denies the allegations therein.

208.   No response is due from Defendant to the legal conclusion contained in Paragraph 208; however, to the extent a response is due, Defendant denies the allegations therein.

209.   No response is due from Defendant to the legal conclusion contained in Paragraph 209; however, to the extent a response is due, Defendant denies the allegations therein.

210.   Denied.

211.   Denied.

212.   No response is due from Defendant to the legal conclusion contained in Paragraph 212; however, to the extent a response is due, Defendant denies the allegations therein.

213.   No response is due from Defendant to the legal conclusion contained in Paragraph 213; however, to the extent a response is due, Defendant denies the allegations therein.

214.   Denied.

215.   Denied.

216.   Denied.

217.   Denied.

218.   Denied.

219.   Denied.

220.   Denied.

221.   Denied.

222.   Denied.

223.   Denied.

224.   Denied.

225.   Denied.

226.   Denied.

227.   Denied.

228.   Denied.

229.   Denied.

230.   Denied.

231.   Denied.

232.   Denied.

233.   Denied.

234.   Denied.

235.   Denied.

## COUNT TWO
## DENIAL OF DUE PROCESS BY JCS

Defendant incorporates by reference the previous answers and denials of the

previous Paragraphs as if fully stated herein.

236.   No response is due to the allegations in Paragraph 236; however, to the extent a response is due, Defendant denies the allegations therein.

237.   Denied as to the City of Clanton. Defendant is without sufficient information to admit or deny the allegations pertaining to other municipalities mentioned in Paragraph 237, therefore, they are denied.

238.   Denied as to the City of Clanton. Defendant is without sufficient information to admit or deny the allegations pertaining to other municipalities mentioned in paragraph 238, therefore, they are denied.

239.   No response is due to the allegations in Paragraph 239; however, to the extent a response is due, Defendant denies the allegations therein.

240.   Denied.

241.   Denied.

242.   Denied.

243.   Denied.

244.   Denied.

245.   Denied.

246.   Denied.

247.   Denied.

248.   No response is due to the allegations in Paragraph 248; however, to the extent a response is due, Defendant denies the allegations therein.

249.   Denied.

250.   Denied.

251.   Denied.

252.   No response is due to the allegations in Paragraph 252; however, to the extent a response is due, Defendant denies the allegations therein.

253.   Denied.

254.   Denied.

255.   Denied.

256.   Denied.

257.   Denied.

258.   Denied.

259.   Denied.

260.   Denied.

261.   Denied.

262.   Denied.

263.   No response is due to the allegations in Paragraph 263; however, to the extent a response is due, Defendant denies the allegations therein.

264.   No response is due to the allegations in Paragraph 264; however, to the extent a response is due, Defendant denies the allegations therein.

265.   Denied.

266.   Denied.

267.   Denied as to the City of Clanton. Defendant is without sufficient information to admit or deny the allegations pertaining to other municipalities mentioned in paragraph 267, therefore, they are denied.

268.   Denied.

## COUNT THREE
## VIOLATION OF THE FOURTEENTH AMENDMENT
## CITY OF CLANTON

Defendant incorporates by reference the previous answers and denials of the previous Paragraphs as if fully stated herein.

269.   Denied.

270.   Denied.

271.   No response is due from Defendant to the legal conclusion contained in Paragraph 271; however, to the extent a response is due, Defendant denies the allegations therein.

272.   No response is due from Defendant to the legal conclusion contained in Paragraph 272; however, to the extent a response is due, Defendant denies the allegations therein.

273.   Denied.

274.   No response is due from Defendant to the legal conclusion contained in Paragraph 274; however, to the extent a response is due, Defendant denies the allegations therein.

275.   Denied.

276.   Denied.

277.   Denied.

278.   Denied.

279.   Denied.

**COUNT FOUR**
**VIOLATION OF THE FOURTH AMENDMENT**
**JCS**

Defendant incorporates by reference the previous answers and denials of the previous Paragraphs as if fully stated herein.

280.   No response is due from Defendant to the legal conclusion contained in Paragraph 280; however, to the extent a response is due, Defendant denies the allegations therein.

281.   Denied.

282.   Denied.

283.   No response is due from Defendant to the legal conclusion contained in Paragraph 283; however, to the extent a response is due, Defendant denies the allegations therein.

284.   Denied.

285.   Denied.

286.   No response is due from Defendant to the legal conclusion contained in Paragraph 286; however, to the extent a response is due, Defendant denies the allegations therein.

287.   No response is due from Defendants to the allegations contained in Paragraph 287; however, to the extent a response is due, Defendant denies the allegations therein.

288.   No response is due from Defendant to the legal conclusion contained in Paragraph 288; however, to the extent a response is due, Defendant denies the allegations therein.

289.   Denied.

290.   Denied.

## COUNT FIVE
## VIOLATION OF THE SIXTH AMENDMENT
## CITY OF CLANTON

Defendant incorporates by reference the previous answers and denials of the previous Paragraphs as if fully stated herein.

291.   Denied.

292.   Denied.

293.   Denied.

294.   Denied.

295.   Denied.

296.   Denied.

297.   Denied.

298.   Denied.

299.   Denied.

300.   Denied.

301.   Denied.

302.   Denied.

303.   Denied.

304.   Denied.

305.   Denied.

306.   Denied.

307.   Denied.

**COUNT SIX**
**VIOLATION OF THE SIXTH AMENDMENT**
**JCS**

Defendant incorporates by reference the previous answers and denials of the

previous Paragraphs as if fully stated herein.

308.   No response is due from Defendant to the legal conclusion contained in Paragraph 308; however, to the extent a response is due, Defendant denies the allegations therein.

309.   Denied.

310.   Denied.

311.   Denied.

312.   Denied.

313.   No response is due from Defendant to the legal conclusion contained in Paragraph 313; however, to the extent a response is due, Defendant denies the allegations therein.

314.   Denied.

315.   No response is due from Defendant to the legal conclusion contained in Paragraph 315; however, to the extent a response is due, Defendant denies the allegations therein.

316.   Denied.

317.   Denied.

318.   Denied.

319.   Denied.

320.   Denied.

321.   Denied.

322.   Denied.

## COUNT SEVEN
## VIOLATION OF EIGHTH AMENDMENT
## CITY OF CLANTON

Defendant incorporates by reference the previous answers and denials of the previous Paragraphs as if fully stated herein.

323.   Denied.

324.   Denied.

325.   No response is due from Defendant to the legal conclusion contained in Paragraph 325; however, to the extent a response is due, Defendant denies the allegations therein.

326.   No response is due from Defendant to the legal conclusion contained in Paragraph 326; however, to the extent a response is due, Defendant denies the allegations therein.

327.   No response is due from Defendant to the legal conclusion contained in Paragraph 327; however, to the extent a response is due, Defendant denies the allegations therein.

328.   No response is due from Defendant to the legal conclusion contained in Paragraph 328; however, to the extent a response is due, Defendant denies the allegations therein.

329.   Denied.

330.   Denied.

331.   Denied.

332.   Denied.

333.   Denied.

334.   No response is due from Defendant to the legal conclusion contained in Paragraph 334; however, to the extent a response is due, Defendant denies the allegations therein.

335.   Denied.

336.   Denied.

337.   Denied.

## COUNT EIGHT
## VIOLATION OF THE EIGHTH AMENDMENT
## JCS

Defendant incorporates by reference the previous answers and denials of the previous Paragraphs as if fully stated herein.

338.   No response is due from Defendant to the legal conclusion contained in Paragraph 338; however, to the extent a response is due, Defendant denies the allegations therein.

339.   Denied.

340.   No response is due from Defendant to the legal conclusion contained in Paragraph 340; however, to the extent a response is due, Defendant denies the allegations therein.

341.   No response is due from Defendant to the legal conclusion contained in Paragraph 341; however, to the extent a response is due, Defendant denies the allegations therein.

342.   No response is due from Defendant to the legal conclusion contained in Paragraph 342; however, to the extent a response is due, Defendant denies the allegations therein.

343.   Denied.

344.   Denied.

345.   Denied.

346.   Denied.

347.   Denied.

348.   Denied.

349.   Denied.

350.   Denied.

351.   Denied.

352.   Denied.

353.   Denied.

## COUNT NINE
## DENIAL OF EQUAL PROTECTION
## CITY OF CLANTON

Defendant incorporates by reference the previous answers and denials of the previous Paragraphs as if fully stated herein.

354.  Denied.

355.  Denied.

356.  Denied.

357.  Denied.

358.  Denied.

359.  Denied.

360.  Denied.

361.  Denied.

362.  Denied.

363.  Denied.

364.  Denied.

## COUNT TEN
## VIOLATION OF EQUAL PROTECTION
## JCS

Defendant incorporates by reference the previous answers and denials of the previous Paragraphs as if fully stated herein.

365.  Denied.

366.  Denied.

367.  Denied.

368.  Denied.

369.  Denied.

370.  Denied.

371.  Denied.

372.  Denied.

373.  Denied.

374.  No response is due from Defendant to the legal conclusion contained in Paragraph 374; however, to the extent a response is due, Defendant denies the allegations therein.

375.  Denied.

376.  Denied.

377.  Denied.

378.  Denied.

**COUNT ELEVEN**
**DECLARATORY AND INJUNCTIVE RELIEF**
**BOTH THE CITY OF CLANTON AND JCS**

Defendant incorporates by reference the previous answers and denials of the previous Paragraphs as if fully stated herein.

379.   No response is due from Defendant to the legal conclusion contained in Paragraph 379; however, to the extent a response is due, Defendant denies the allegations therein.

380.   No response is due from Defendant to the allegations contained in Paragraph 380; however, to the extent a response is due, Defendant denies the allegations therein.

381.   Denied.

382.   No response is due from Defendant to the legal conclusion contained in Paragraph 382; however, to the extent a response is due, Defendant denies the allegations therein.

383.   No response is due from Defendant to the legal conclusion contained in Paragraph 383; however, to the extent a response is due, Defendant denies the allegations therein.

384.   Denied.

385.   Denied.

386.   Denied.

387.   Denied.

388.   Denied.

389.   Denied.

390.   Denied.

391.   Denied.

392.   Denied.

393.   Denied.

394.   Denied.

395.   No response is due from Defendant to the legal conclusion contained in Paragraph 395; however, to the extent a response is due, Defendant denies the allegations therein.

396.   Denied.

397.   Denied.

398.   Denied.

399.   No response is due from Defendant to the allegations contained in Paragraph 399; however, to the extent a response is due, Defendant denies the allegations therein.

Defendant denies that the plaintiffs are entitled to any relief requested in the ad damnum clause following Paragraph 399 or otherwise sought in the Second Amended and Restated Complaint not specifically admitted in this Answer.

## **GENERAL DENIAL**

Defendant denies any factual, legal or mixed allegations in the Second Amended and Restated Complaint not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Second Amended and Restated Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs' Second Amended Complaint is barred by the applicable statute of limitations.

### Third Affirmative Defense

Defendant denies that it owed any duty to any of the Plaintiffs.

### Fourth Affirmative Defense

Plaintiffs' Second Amended Complaint fails to state a claim upon which relief can be granted for punitive damages.

### Fifth Affirmative Defense

To the extent Plaintiffs plead state law claims, the defendant pleads that the Plaintiffs failed to file a Notice of Claim and Demand as required by Alabama Code 11-47-23 and 11-47-192 (1975).

### Sixth Affirmative Defense

Defendant pleads the doctrines of release, waiver, estoppel (including judicial estoppel), and accord and satisfaction.

### Seventh Affirmative Defense

Defendant pleads the doctrines of laches.

### Eighth Affirmative Defense

Defendant pleads set-off and recoupment.

### Ninth Affirmative Defense

Defendant pleads the doctrine of unclean hands.

### Tenth Affirmative Defense

Defendant pleads that the plaintiff has failed to join indispensable parties, including, but not limited to, the State of Alabama.

### Eleventh Affirmative Defense

Defendant pleads the *Younger* abstention doctrine to the extent Plaintiffs assert their civil rights tort claims on behalf of individuals currently being prosecuted in state court for an offense under state law. *See Younger v. Harris*, 401 U.S. 37 (1971).

### Twelfth Affirmative Defense

Defendant pleads all available doctrines of immunity, including but not limited to substantive immunity, qualified immunity, legislative immunity, judicial immunity, absolute immunity, and state agent immunity.

### Thirteenth Affirmative Defense

Defendant denies that the facts of this case reach the threshold for the imposition of punitive damages and that punitive damages cannot be awarded against a municipality as a matter of Alabama and federal law.  Furthermore, with regard to the claim for punitive damages, the defendant pleads the following:

(a)     Plaintiffs have failed to present a valid claim for the recovery of punitive damages and the defendant denies any conduct that could warrant the submission of the issue of punitive damages to a jury or the imposition of punitive damages;

(b)     Plaintiffs' claim for punitive damages violates Defendant's right to equal protection and due process of law under the 5th and 14th Amendments to the Constitution of the United States;

(c)     Any award of punitive damages in this case would be in violation of the constitutional safeguards provided to the defendant under the Constitutions of the United States of America and the State of Alabama, respectively.

(d)     No punitive damages are warranted or allowable that would exceed comparable maximums established for criminal fines.

(e)     Punitive damages cannot be sustained because of the lack of clarity in Alabama's standards for awarding punitive damages.

(f)     Any claim for punitive damages, on its face and/or as applied in this case, is in violation of the 5th Amendment to the Constitution of the United States; of the right to counsel provided by the 6th Amendment to the Constitution of the United States; of the right to trial by jury of the 7th Amendment to the Constitution of the United States; of the proportionality principles contained in the 8th Amendment to the Constitution of the United States; the due process clause of the

14th Amendment to the Constitution of the United States; and Article 1, Sections 1, 2, 6, 11, 13, 15, 27, and 35 of the Constitution of the State of Alabama of 1901, and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately:

 (i) There are no standards provided by Alabama law for the imposition of punitive damages and, therefore, the defendant has not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of the award and to modify or conform its conduct accordingly;

 (ii) The procedures to be followed would permit an award of punitive damages against the defendant upon the satisfaction of a burden of persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability;

 (iii) The procedures to be followed could permit the award of multiple punitive damages for the same act or omission;

 (iv) There are no provisions or standards for clear and consistent appellate review of any award of punitive damages against the defendants under present Alabama law;

 (v) The standards of conduct upon which punitive damages are sought against the Defendant are vague and ambiguous;

(vi)    The procedures used by courts under Alabama law and the guidelines given by the jurors, jointly and severally, are vague and ambiguous;

(vii)   The procedures used by courts under Alabama law and the guidelines given by the jurors, jointly and severally, are vague and ambiguous and, therefore, impermissibly allow jurors broad, unlimited, and undefined power to make determinations on their notions of what the law should be instead of what it is;

(viii)  The procedures under which punitive damages are awarded and the instructions used under Alabama law, jointly and severally, are vague and ambiguous and, therefore, fail to eliminate the effects of, and to guard against, impermissible juror passion and prejudice;

(ix)    Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

(x)     Present Alabama law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages;

(xi)    Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition

of punitive damages by a jury or of the amount of any punitive damages awarded by a jury;

(xii)   Present Alabama procedures fail to provide a constitutionally reasonable limit on the amount of any punitive damages award against the defendant;

(xiii)  Present Alabama procedures may permit the admission of evidence relative to punitive damages in the same proceeding during which liability is determined;

(xiv)  Present Alabama procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts or degrees of wrongdoing or culpability; and

(xv)   An award of punitive damages would compensate plaintiffs for elements of damage not otherwise recognized under Alabama law.

(g)   Plaintiffs' claims for the recovery of punitive damages are barred by *Ala. Code* 6-11-20, et seq., and 11-93-2.

(h)   Plaintiffs' claims for the recovery of punitive damages are barred by *Ala. Code* 6-11-27.

(i)   Plaintiffs' claims for the recovery of punitive damages are in contravention of the Defendant's rights under each of the following constitutional provisions:

(i)     Article I, Section 8 of the United States Constitution, as an impermissible burden on interstate commerce;

(ii)    The Contracts Clause of Article I, Section 10 of the United States Constitution;

(iii)   The Due Process Clause of the 5th and 14th Amendments to the United States Constitution;

(iv)    The Equal Protection Clause of the 14th Amendment to the United States Constitution;

(v)     The constitutional prohibition against vague and overbroad laws;

(vi)    The prohibition against *ex post facto* laws in Article I, Section 22 of the Alabama Constitution;

(vii)   The Contracts Clause of Article I, Section 22 of the Alabama Constitution; and

(viii)  The Due Process Clause of Article I, Section 6 and/or 13 of the Alabama Constitution.

(j)     An award of punitive damages in this circumstances of this case would clearly be violative of Defendant's due process rights as embraced by the 5th and 14th Amendments to the United States Constitution and by the due process clause of Article I, Section 6 and/or 13 of the Alabama Constitution, jointly and separately,

as such award would constitute a deprivation of property without due process of law for the following reasons:

(i)     There is no rational relationship between the punitive damages awards in Alabama and the wrongfulness of a defendant's conduct and/or the compensatory damages awarded;

(ii)    No rational relationship exists between the extent of punitive damages and legitimate interests to be advanced by the State of Alabama;

(iii)   An award of punitive damages in this case would be penal in nature and, therefore, would be violative of Defendant's constitutional rights under the United States Constitution and/or the Alabama Constitution unless Defendant is granted the procedural safeguards afforded criminal defendants including, but not limited to, constitutional safeguards against self-incrimination and a heightened standard of proof beyond a reasonable doubt;

(iv)    The award of punitive damages on the basis of vicarious liability for the conduct of others violates Defendant's constitutional rights.

(k)     The imposition of punitive damages in this case would be in denial of Defendant's right to equal protection of the laws as guaranteed by the 14th Amendment to the United States Constitution and Article I, Sections 1, 6, and 22 of the Alabama Constitution.   Specifically, Defendant is treated differently from criminal defendants who are charged for similar or identical culpability.

Alternatively, the absence of adequate and objective standards for guiding in the assessment of punitive damages fails to insure the equality of treatment between and among similarly situated civil defendants.

(l)     The assessment of punitive damages in this action would violate the Commerce Clause of Article I, Section 8 of the United States Constitution to the extent that such award punishes acts or omissions which have allegedly occurred solely outside of state boundaries.

(m)     The imposition of punitive damages in this action would violate Defendant's rights under Article I, Section 22 of the Alabama Constitution in that it would impair the contractual obligations of parties to this litigation.

(n)     With respect to plaintiffs' demand for punitive damages, Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damages awards which arose in the decision of *BMW of North America v. Gore*, 116 U.S. 1589 (1996).

(o)     To the extent that Plaintiffs' demand for punitive damages may result in multiple punitive damages awards being assessed for the same act or omission against Defendant, this award contravenes Defendant's right to due process under the due process clause of Article I, Section 13 of the Alabama Constitution.  In addition, such awards would infringe upon Defendant's rights against double

jeopardy ensured by the 5th Amendment of the United States Constitution and/or Article I, Section 9 of the Alabama Constitution.

(p)    The procedures pursuant to which punitive damages are awarded subject civil defendants to punishment for the conduct of others through vicarious liability or through non-apportionment of damages among joint tortfeasors, in violation of the 5th and 14th Amendments to the United States Constitution and Article I, Sections 1 and 6 of the Alabama Constitution.

(q)    The procedures pursuant to which punitive damages are awarded expose civil defendants to the risk of undefinable, unlimited liability unrelated to actual loss, if any, caused by their conduct, creating a chilling effect on Defendant's exercise of the right to a judicial resolution of this dispute.

(r)    Plaintiffs' claim for punitive damages is limited by the cap imposed by *Ala. Code* § 6-11-21.  Allowing an award in excess of this legislative cap would directly contravene the express public policy of the State of Alabama.

<u>**Fourteenth Affirmative Defense**</u>

Defendant pleads that the Plaintiffs have failed to mitigate their alleged damages.

## Fifteenth Affirmative Defense

Defendant pleads that each and every action taken by it, separately and severally, was taken in the good faith belief that the same was legal and lawful at the time so taken.

## Sixteenth Affirmative Defense

Defendant pleads that Plaintiffs have failed to exhaust their administrative remedies.

## Seventeenth Affirmative Defense

Defendant denies that it violated Plaintiffs' rights under the Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

## Eighteenth Affirmative Defense

Defendant denies it breached any duty owed to the plaintiffs.

## Nineteenth Affirmative Defense

Defendant pleads its actions and/or inactions are not the proximate cause of the Plaintiffs' alleged damages.

## Twentieth Affirmative Defense

Defendant pleads that Plaintiffs have failed to show the likelihood of irreparable harm.

## Twenty-First Affirmative Defense

Defendant pleads the issuance of an injunction would not serve the public interest.

### Twenty-Second Affirmative Defense

Defendant pleads that the harm that would occur to the Defendant if an injunction is issued is greater than any harm to the Plaintiffs if an injunction is not issued.

### Twenty-Third Affirmative Defense

Defendant pleads the Plaintiffs have failed to do equity.

### Twenty-Fourth Affirmative Defense

Defendant pleads failure of conditions precedent to bring this suit.

### Twenty-Fifth Affirmative Defense

Defendant pleads that it cannot be held liable on a respondeat superior basis under *Monell v. Department of Social Servs.*, 436 U.S. 658, 689, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and further that the alleged violations of Plaintiffs' rights were not the result of a policy, custom or practice of the Defendant. Defendant further pleads that the Alabama Supreme Court has policymaking authority over the Clanton Municipal Court, not the City of Clanton. The policies, practices, and procedures of the Municipal Court are established, supervised, and administered by the Alabama Supreme Court. *See Ala. Code* §§ 12-2-7 and 12-2-19. Clanton does not control the Municipal Court. Rather, Clanton relies upon the Alabama Court system and the Municipal Judge to manage and establish the day-to-day operation, policies and procedures of the Municipal Court.

### Twenty-Sixth Affirmative Defense

Defendant pleads that there is no affirmative link or causal connection between any of its alleged policies, customs or practices and the Plaintiffs' alleged injuries or damages.

### Twenty-Seventh Affirmative Defense

Defendant pleads this action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### Twenty-Eighth Affirmative Defense

Defendant pleads that Plaintiffs cannot satisfy the prerequisites for class certification and therefore cannot represent the interest of others.

### Twenty-Ninth Affirmative Defense

Defendant pleads that Plaintiffs lack standing to assert the legal rights or interests of others.

### Thirtieth Affirmative Defense

Defendant pleads that the types of claims alleged by Plaintiffs on behalf of themselves and the alleged putative class they purport to represent are matters in which individual questions predominate and thus are not appropriate for class treatment, including, but not limited to, the fact that each person's alleged damages are different and subject to different defenses and mitigating circumstances.

### Thirty-First Affirmative Defense

Defendant pleads that the alleged putative class that Plaintiffs purport to represent are not so numerous that joinder is impossible.

### Thirty-Second Affirmative Defense

Defendant pleads that Plaintiffs are not similarly situated to the other potential members of the alleged putative class they purport to represent and thus are inadequate representatives and that Plaintiffs' counsel will not adequately represent the alleged putative class.

### Thirty-Third Affirmative Defense

Defendant pleads that certain interests of the alleged putative group are in conflict with the interests of all or certain subgroups of the members of the putative group.

### Thirty-Fourth Affirmative Defense

Defendant pleads that the Plaintiffs have not shown and cannot show that class treatment of the purported cause of action in the Second Amended and Restated Complaint is superior to other methods of adjudicating the controversy.

### Thirty-Fifth Affirmative Defense

Defendant pleads that the Second Amended and Restated Complaint and in each purported action alleged therein cannot proceed as a purported class because of difficulties likely to be encountered that render the action unmanageable.

## Thirty-Sixth Affirmative Defense

Defendant denies that there are common questions of law and fact affecting members of the purported class.

## Thirty-Seventh Affirmative Defense

Defendant pleads that certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive and procedural, in violation of the Fourteenth Amendment of the United States Constitution and the Alabama Constitution of 1901.

## Thirty-Eighth Affirmative Defense

Defendant pleads that *Heck v. Humphrey,* 512 U.S. 477 (1984) bars the plaintiffs' claims.

## Thirty-Ninth Affirmative Defense

Defendant pleads all available affirmative defenses contained in 42 U.S.C. § 1997(e) and limitation on attorneys' fees contained in that section.

## Fortieth Affirmative Defense

Defendant adopts and incorporates by reference as if fully set forth herein all affirmative defenses asserted by the other defendants in this case, to the extent that those affirmative defenses are not inconsistent with the answers, denials and affirmative defenses asserted by this Defendant.

### Forty-First Affirmative Defense

Defendant pleads the voluntary payment doctrine as to the Plaintiffs' causes of action and the class action claims.

### Forty-Second Affirmative Defense

Defendant reserves the right to amend this Answer as discovery proceeds in this case.

### Forty-Third Affirmative Defense

Defendant invokes the protections of Alabama Code Section 11-47-190.

### Forty-Fourth Affirmative Defense

Defendant invokes the protections of Alabama Code Section 11-47-191.

### Fourty-Fifth Affirmative Defense

Defendant contests the form and sufficiency of process and of service of process.

### Fourty-Sixth Affirmative Defense

Defendant pleads the applicable statute of limitations.

### Fourty-Seventh Affirmative Defense

Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine.

### Fourty-Eighth Affirmative Defense

Defendant adopts and incorporates by reference as if fully set forth herein all affirmative defenses previously asserted by Defendant, and all affirmative defenses asserted by other defendants in this case, to the extent that those affirmative defenses

are not inconsistent with the answers, denials, and affirmative defenses asserted by

Defendants.

### Fourty-Ninth Affirmative Defense

Defendant reserves the right to assert any further additional defenses that may

be developed during the course of discovery in this matter.

RESPECTFULLY SUBMITTED,

s/ James W. Porter, II
James Wallace Porter, II
Richard Warren Kinney
**PORTER, PORTER & HASSINGER PC**
880 Montclair Road, Ste. 175
Birmingham, AL 35213
Telephone:   (205) 322-1744
Email:       jwporterii@pphlaw.net
             wkinney@pphlaw.net

Will Hill Tankersley
Gregory C. Cook
L. Conrad Anderson IV
Chase T. Espy
Christopher  K. Friedman
**BALCH & BINGHAM LLP**
1901 Sixth Avenue North, Ste. 1500
P. O. Box 306 (35201)
Birmingham, Alabama  35203
Telephone:  (205) 251-8100
E-Mail:      wht@balch.com
             gcook@balch.com
             canderson@balch.com
             cespy@balch.com
             cfriedman@balch.com

*Attorneys for City of Clanton*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system and service will be perfected upon the following

this the 9th day of May, 2017:

G. Daniel Evans
Alexandria  Parrish
THE EVANS LAW FIRM, P.C.
1736 Oxmoor Road, Suite 101
Birmingham, Alabama  35209

William M. Dawson
DAWSON LAW OFFICE
1736 Oxmoor Road
Birmingham, Alabama  35209

Matt Swerdlin
1736 Oxmoor Road
Birmingham, Alabama  35209

Joseph M. McGuire
MCGUIRE AND ASSOCIATES
31 Clayton Street
Montgomery, Alabama  36104


<u>James W. Porter, II</u>
OF COUNSEL