IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| CANDICE CHAPMAN, MICHAEL LITTLEFIELD, STEDMAN KLINE, DEANGELO BARNETT, and TRACY DUBOSE, individually and on behalf of a class of all others similarly situated, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 2:15-CV-0125-RCL |
| THE CITY OF CLANTON; JUDICIAL CORRECTION SERVICES, LLC; CHC COMPANIES, INC.; and CORRECT CARE SOLUTIONS, LLC, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## Defendants Judicial Corrections Services' Answer to the Second Amended and Restated Complaint (Doc. 74)

Defendant Judicial Correction Services ("JCS") hereby answers the Plaintiffs' Second Amended and Restated Complaint. In asserting the following defenses, JCS does not assume any burden of proof that would otherwise be imposed on the Plaintiffs or the proposed class of plaintiffs.

1

JCS responds to the corresponding enumerated paragraphs of the Second Amended and Restated Complaint (Doc. 74) (the "Complaint") as follows:

## Jurisdiction

1.      JCS admits this Court has subject-matter jurisdiction, but it does not agree with all of the bases cited by paragraph 1 of the Complaint, and it denies the Plaintiffs (or any class) are entitled to any relief under 42 U.S.C. §§ 1983, 1988, or under any other statutory provision or theory of liability.

2.      JCS admits this Court has subject-matter jurisdiction, but it does not agree with all of the bases cited by paragraph 2 of the Complaint, and it denies the Plaintiffs (or any class) are entitled to any relief under 42 U.S.C. § 1343 or under any other statutory provision or theory of liability.

3.      JCS denies that Plaintiffs (or any class) are entitled to declaratory relief under the cited statutes or otherwise.

4.      JCS admits that venue is proper but do not agree with all of the bases cited by the Plaintiff.

## Parties to the Complaint

5.      JCS is without sufficient information to admit or deny this allegation; therefore it is denied.

6.      JCS is without sufficient information to admit or deny this allegation; therefore it is denied.

7.     JCS is without sufficient information to admit or deny this allegation; therefore it is denied.

8.     JCS is without sufficient information to admit or deny this allegation; therefore it is denied.

9.     JCS is without sufficient information to admit or deny this allegation; therefore it is denied.

10.    No response is due from JCS to the alleged classes the individual Plaintiff seeks to represent; but to the extent a response is due, JCS denies the allegations in paragraph no. 10 and denies that this case is appropriate for class certification.

11.    JCS is without sufficient information to admit or deny this allegation; therefore it is denied.

12.    JCS admits that it is a Delaware business entity, that it was formerly known as Judicial Correction Services, Inc., and that did business in Alabama but is no longer doing business in Alabama.   The remaining allegations of paragraph 12 are denied.

13.    Denied. Also, in this answer, "JCS" refers only to Judicial Correction Services, LLC, not CHC Companies.

14.    Denied. Also, in this answer, "JCS" refers only to Judicial Correction Services, LLC, not Correct Care Solutions.

## Facts

15.    Denied.

16.    JCS admits that it operated a for-profit enterprise providing probation services in Alabama, that JCS provided probation services in more than 100 cities and towns in Alabama, and that JCS provided probation services to Clanton.  The remaining allegations of this paragraph are denied.

17.    Denied.

18.    Denied.

19.    No response is due from JCS for this paragraph as it is a legal conclusion; however, to the extent a response is due, JCS denies the allegations of paragraph no. 19.

20.    JCS admits that paragraph 20 quotes a part of the agreement between JCS and Clanton.

21.    JCS admits that the agreement was approved and that JCS provided services to Clanton under the agreement for a period of time. JCS acknowledges that the contract with Clanton was entered on February 9, 2009, and that the effective date of termination was May 27, 2015. JCS is without sufficient information to admit or deny the additional allegations of paragraph no. 18; therefore those allegations are denied.

22.    No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 19.

23.    Denied.

24.    JCS admits that it provided services to Clanton for a period of time and charged fines and fees to probationers in accordance with JCS's contract with Clanton.  The remaining allegations of paragraph 24 are denied.

25.    JCS admits that it provided services to Clanton for a period of time and utilized its "Probation Tracker" software in the provision of these services. The remaining allegations of paragraph 25 are denied.

26.    JCS admits that its training manual contained instructions to employees on how to use "Probation Tracker" software. JCS also admits that this paragraph quotes from certain attached documents. The remaining allegations of paragraph 26 are denied.

27.    JCS admits that it would inform the court about the status of probationers' compliance with court orders as required by JCS's contract with Clanton.  The remaining allegations of paragraph 27 are denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.     Denied.

32.     No response is due from JCS to the allegations in this paragraph as it is a legal conclusion; however, to the extent a response is due, JCS denies the allegations of paragraph 32.

33.     No response is due from JCS to the allegations in this paragraph as it is a legal conclusion; however, to the extent a response is due, JCS denies the allegations of paragraph 33.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     JCS admits that it is not responsible for determining whether an individual is legally indigent.   JCS denies the remaining allegations of paragraph 42.

43.     JCS admits that it is not responsible for determining whether an individual is legally indigent.   JCS denies the remaining allegations of paragraph 43.

44.   Denied.

45.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 45.

46.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 46.

**The Plaintiffs**

47.   JCS admits that the Plaintiffs were assigned to JCS under a probation order issued by the Clanton Municipal Court. JCS denies the remaining allegations of paragraph no. 47 and particularly denies that Plaintiffs' claims should be certified as a class action.

**Candice Chapman**

48.   JCS admits that Candice Chapman is over the age of 19 and that she at least at one time lived in Chilton County, Alabama.

49.   JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

50.   JCS admits the allegations of paragraph 50 of the complaint.

51.   JCS admits that Chapman was placed on JCS-supervised probation by the Clanton Municipal Court.   JCS admits that it charged Chapman the fees ordered by the Clanton Municipal Court.   The remaining allegations of paragraph 51 are denied.

52.   JCS admits that it charged Chapman the fees ordered by the Clanton Municipal Court.   The remaining allegations of paragraph 52 are denied.

53.   JCS admits that it charged Chapman the fees ordered by the Clanton Municipal Court.   The remaining allegations of paragraph 53 are denied.

54.   JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

55.   JCS admits Chapman's ex-husband paid $40.00 to JCS on May 27, 2014.   The remaining allegations of paragraph 55 are denied.

56.   JCS admits that Chapman paid JCS $100.00 on May 30, 2014, and that JCS's collection of fines and fees was done in accordance with its contract with Clanton.   The remaining allegations of paragraph 56 are denied.

57.   JCS admits Chapman paid JCS $40.00 on June 27, 2014.   The remaining allegations of paragraph 57 are denied.

58.     JCS admits that Chapman was adjudicated as guilty of theft of property on July 15, 2014, and that the court imposed a fine of $250 and court costs of $251. JCS is without sufficient information to admit or deny the remaining allegations in this paragraph; therefore they are denied.

59.     JCS admits that Chapman was placed on JCS-supervised probation by the Clanton Municipal Court.  The remaining allegations of paragraph 59 are denied.

60.     JCS admits that Chapman was placed on JCS-supervised probation by the Clanton Municipal Court.  JCS admits that it charged Chapman the fees ordered by the Clanton Municipal Court.  The remaining allegations of paragraph 60 are denied.

61.     JCS admits that it charged Chapman the fees ordered by the Clanton Municipal Court.  The remaining allegations of paragraph 53 are denied.

62.     JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

63.     JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

64.     Denied.

65.     JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

66.   JCS admits that it reported to the court regarding Chapman's non-compliance with her court-ordered probation, which it was required to do under its contract with Clanton, on or around August 26, 2014.   JCS admits that the amounts stated in paragraph 66 are the amounts reported in the Petition for Revocation and Statement of Delinquency Charges.   JCS is without sufficient information to admit or deny the remaining allegations in paragraph 66, therefore they are denied.

67.   JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

68.   JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

69.   Denied.

70.   Denied.

71.   JCS admits that it had no legal duty to evaluate Chapman's financial situation or provide her with an attorney.   The remaining allegations of paragraph 71 are denied.

72.   Denied.

**Michael Littlefield**

73.   JCS admits that Michael Littlefield at least at one time was a resident of Clanton, Alabama.

74.    JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

75.    JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

76.    JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

77.    JCS admits that Littlefield was ordered by the court to JCS-supervised probation on June 29, 2010.  JCS is without sufficient information to admit or deny the remaining allegations in paragraph 77; therefore they are denied.

78.    JCS admits that the court ordered Littlefield to pay JCS certain fines and fees.  The remaining allegations of paragraph 78 are denied.

79.    JCS admits that the court ordered Littlefield to pay JCS certain fines and fees.  The remaining allegations of paragraph 79 are denied.

80.    JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

81.    JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

82.    JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

83.   Denied.[1]

84.   Denied.

85.   Denied.

86.   Denied.

87.   JCS admits that the fines and court costs alleged are correct, but the court also imposed a "jail fee" of $69.   JCS is without sufficient information to admit or deny the remaining allegations in this paragraph; therefore they are denied.

88.   JCS admits Littlefield was ordered to probation with JCS by the court.   JCS further admits that it charged Littlefield the fines and fees ordered by the court.   The remaining allegations of paragraph 88 are denied.

89.   JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

90.   JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

---

[1] JCS addressed the proceedings of June 29, 2010, in its response to paragraph 77 of the Complaint.  JCS cannot be sure from the content of this allegation which other probation Plaintiff is referring to in this paragraph.  Accordingly, JCS is also without sufficient information regarding paragraphs 84-86, which relate to paragraph 83, and denies the allegations of those paragraphs accordingly.

91.    JCS admits that it reported to the court regarding Littlefield's non-compliance with his court-ordered probation, which it was required to do under its contract with Clanton, on or around November 24, 2014.  JCS admits that the Petition for Revocation of Probation and Statement of Delinquency Charges reported the amounts alleged in paragraph 91, but denies that only $987 was imposed by the court, as Plaintiffs have not included a "jail fee" of $69 imposed by the court. JCS is without sufficient information to admit or deny the remaining allegations in paragraph 91, therefore they are denied.

92.    JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

93.    JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

94.    JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

95.    Denied.

96.    Denied.

97.    Denied.

98.    Denied.

**Stedman Kine**

99.    JCS admits that at least at some point, Kine was a resident of Chilton County, Alabama.

100.    JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

101.    JCS admits Kine appeared in court on August 2, 2011, that he was not given any jail time, and that the fine imposed was $150.  JCS denies the remaining allegations of paragraph 101.

102.    JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

103.    JCS admits that Kine was ordered to JCS-supervised probation by the court and that the court ordered Kine to pay certain fines and fees.

104.    JCS admits that it charged Kine the fines and fees ordered by the court.  JCS denies the remaining allegations of paragraph 104.

105.    Denied.

106.    JCS admits that it reported Kine's non-compliance with court orders to the court as it was required to do under its contract with Clanton. The remaining allegations of paragraph 105 are denied.

107.    Denied.

108.    Denied.

109.   JCS admits that Kine's mother paid JCS $250.00 on September 14, 2011.  The remaining allegations of paragraph 109 are denied.

110.   JCS admits that it charged fines and fees to Kine in accordance with JCS's contract with Clanton.

111.   JCS admits that it reported Kine's non-compliance with court orders to the court as it was required to do under its contract with Clanton. The remaining allegations of paragraph 111 are denied.

112.   JCS admits that it reported Kine's non-compliance with court orders to the court as it was required to do under its contract with Clanton. The remaining allegations of paragraph 112 are denied.

113.   JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

114.   JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

115.   JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

116.   JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

117.   JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

118.   JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

119.   JCS admits that Kine appeared in court on May 14, 2013, and that the court imposed a fine of $250 and court costs of $251.   JCS is without sufficient information to admit or deny the remaining allegations in this paragraph; therefore they are denied.

120.   JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

121.   JCS admits that the court ordered Kine to JCS-supervised probation on May 14, 2013.   The remaining allegations of paragraph 121 are denied.

122.   JCS admits that it charged Kine the fines and fees ordered by the court.   The remaining allegations of paragraph 122 are denied.

123.   Denied.

124.   JCS admits that it followed its procedures with respect to Kine's probation.   JCS also admits that Kine was placed on warrant status on July 23, 2013.   JCS denies the remaining allegations of paragraph 124.

125.   JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

126.   JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

127. Admitted.

128. JCS admits that the fine and court cost amounts alleged in paragraph 128 are correct. JCS is without sufficient information to admit or deny the remaining allegations in this paragraph; therefore they are denied.

129. JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

130. JCS admits that the court ordered Kine to JCS-supervised probation on September 17, 2013. The remaining allegations of paragraph 130 are denied.

131. JCS admits that Kine attended his appointment on October 7, 2013, and informed JCS that he had just been released from jail. JCS also admits that upon receiving this information, JCS did not require Kine to pay anything at this appointment and reset his appointment the following week with instructions to pay $25.00 at this next appointment. JCS denies the remaining allegations of paragraph 131.

132. Denied.

133. JCS admits that Kine paid JCS $10.00 on October 16, 2013. JCS also admits that it set Kine's next appointment for October 18, 2013, with instructions to pay $135.00 due to Kine's failure to comply with the court ordered instructions regarding what Kine was to pay per month.

134. Admitted.

135. JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

136. Admitted.

137. JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

138. JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

139. JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

140. JCS admits the fines and court costs imposed for the offenses described in paragraph 139 totaled $1,989. JCS is without sufficient information to admit or deny the remaining allegations in this paragraph; therefore they are denied.

141. JCS admits that Kine was ordered to JCS-supervised probation by the court. The remaining allegations of paragraph 141 are denied.

142. JCS admits that it charged Kine the fees ordered by the court. The remaining allegations of paragraph 142 are denied.

143. Denied.

144. JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

145.   JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

146.   JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

147.   JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

148.   JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

149.   Denied.

150.   Denied.

151.   Denied.

152.   Denied.

**Deangelo Barnett**

153.   JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

154.   JCS admits Barnett was in court on September 21, 2010, and that the court imposed fines and court costs for the amount stated in paragraph 154.  JCS is without sufficient information to admit or deny the remaining allegations in this paragraph; therefore they are denied.

155.   JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

19

156.  JCS admits that Barnett was ordered to JCS-supervised probation by the court.  JCS is without sufficient information to admit or deny the remaining allegations of paragraph 156; therefore, they are denied.

157.  JCS admits Barnett signed a probation order.  JCS is without sufficient information to admit or deny the remaining allegations in this paragraph; therefore they are denied.

158.  JCS admits that it charged Barnett the fines and fees ordered by the court.  The remaining allegations of paragraph 158 are denied.

159.  Denied.

160.  JCS admits that Barnett paid $145.00 on November 3, 2010. JCS denies the remaining allegations of paragraph 160.

161.  JCS is without sufficient information to admit or deny the allegations in this paragraph relating to how much Mr. Barnett had to work to make a certain amount of money; therefore they are denied.  JCS denies the remaining allegations

162.  JCS admits that it was required to report non-compliance with court orders to the court.  JCS also admits that JCS would also inform the court if a probationer brought his or her account into compliance before a court hearing.  JCS denies the remaining allegations of paragraph 162.

163.   JCS admits Barnett failed to appear at the January 5, 2011 hearing.   JCS is without sufficient information to admit or deny the remaining allegations in this paragraph; therefore they are denied.

164.   JCS admits that Clanton issued a warrant for Barnett's arrest. JCS is without sufficient information to admit or deny the remaining allegations in this paragraph; therefore they are denied.

165.   JCS admits Barnett was arrested on June 29, 2011.   JCS is without sufficient information to admit or deny the remaining allegations in this paragraph; therefore they are denied.

166.   JCS admits it was paid $100 on June 29, 2011.   JCS admits Barnett paid his remaining balance directly to the City of Clanton.   JCS is without sufficient information to admit or deny the remaining allegations in this paragraph; therefore they are denied.

167.   Denied.

168.   Admitted (except for "once again," as this was the first time before the court on those charges).

169.   JCS admits that Barnett was ordered to JCS-supervised probation by the court again on July 2, 2013.   JCS also admits that the court ordered Barnett to pay certain fines and fees to JCS.   JCS is without sufficient information to admit or deny the remaining allegations of paragraph 169; therefore, they are denied.

170.   Denied.

171.   JCS admits Barnett was charged with driving with a revoked license and driving without a seatbelt in January 2014.   JCS is without sufficient information to admit or deny the remaining allegations in this paragraph; therefore they are denied.

172.   JCS admits that Barnett was ordered to JCS-supervised probation by the court  on February 2, 2014.  JCS also admits that the court ordered Barnett to pay certain fines and fees to JCS.   JCS denies the remaining allegations of paragraph 172.

173.   JCS admits the fines and court costs alleged in paragraph 173 are correct.  JCS denies the remaining allegations of paragraph 173.

174.   JCS admits that Barnett made some payments on his account from July 2013 to June 2014.   JCS denies the remaining allegations of paragraph 174.

175.   JCS admits that Barnett made payments but that he did not pay all fines and fees ordered by the court.   JCS admits that it collected and applied fees in accordance with its contract with Clanton.   JCS denies the remaining allegations of paragraph 175.

176.   JCS admits that Barnett paid $40.00 on June 27, 2014.   JCS denies the remaining allegations of paragraph 176.

177. JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

178. JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

179. Denied.

180. Denied.

**Tracy Dubose**

181. JCS admits that at least at some time Dubose was a resident of Clanton, Alabama.

182. JCS admits that Dubose was placed on JCS probation on May 21, 2013, and that she reported to JCS that her employment was "disability." JCS further admits that the court ordered her to pay the fines and court costs alleged in paragraph 182 after she was found guilty of possession of drug paraphernalia. JCS denies the remaining allegations of paragraph 182.

183. JCS admits that it charged Dubose court-ordered fines and fees in accordance with JCS's contract with Clanton. The remaining allegations of paragraph 183 are denied.

184. JCS is without sufficient information to admit or deny the allegations in this paragraph; therefore they are denied.

185. Denied.

186.   JCS admits that Dubose made payments against her account from June 3, 2013, to June 6, 2014.   JCS also admits that it would apply these payments in accordance with its contract with Clanton.   JCS denies the remaining allegations of paragraph 186.

187.   Denied.

188.   Denied.

189.   Denied.

190.   Denied.

191.   Denied.

**Plaintiffs' Class Allegations**

192.   No response is due from JCS to the alleged classes the individual Plaintiffs seeks to represent; however to the extent a response is due, JCS denies the allegations in this paragraph and deny that this case is appropriate for class certification.

193.   No response is due from JCS to the alleged classes the individual Plaintiffs seeks to represent; however to the extent a response is due, JCS denies the allegations in this paragraph and deny that this case is appropriate for class certification.

194.   No response is due from JCS to the alleged classes the individual Plaintiffs seeks to represent; however to the extent a response is due, JCS

denies the allegations in this paragraph and deny that this case is appropriate for class certification.

195.   No response is due from JCS to the alleged classes the individual Plaintiffs seeks to represent; however to the extent a response is due, JCS denies the allegations in this paragraph and deny that this case is appropriate for class certification.

196.   No response is due from JCS to the alleged classes the individual Plaintiffs seeks to represent; however to the extent a response is due, JCS denies the allegations in this paragraph and deny that this case is appropriate for class certification.

197.   No response is due from JCS to the alleged classes the individual Plaintiffs seeks to represent; however to the extent a response is due, JCS denies the allegations in this paragraph and deny that this case is appropriate for class certification.

198.   No response is due from JCS to the alleged classes the individual Plaintiffs seeks to represent; however to the extent a response is due, JCS denies the allegations in this paragraph and deny that this case is appropriate for class certification.

199.   No response is due from JCS to the alleged classes the individual Plaintiffs seeks to represent; however to the extent a response is due, JCS

denies the allegations in this paragraph and deny that this case is appropriate for class certification.

200.   No response is due from JCS to the alleged classes the individual Plaintiffs seeks to represent; however to the extent a response is due, JCS denies the allegations in this paragraph and deny that this case is appropriate for class certification.

201.   No response is due from JCS to the alleged classes the individual Plaintiffs seeks to represent; however to the extent a response is due, JCS denies the allegations in this paragraph and deny that this case is appropriate for class certification.

**Count One**

**Denial of Due Process Against the
City of Clanton**

JCS incorporates by reference the previous responses and denials of the previous paragraphs as if fully stated herein.

202.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 202.

203.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 203.

204.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 204.

205.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 205.

206.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 206.

207.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 207.

208.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 208.

209.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 209.

210.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 210.

211.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 211.

212.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 212.

213.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 213.

214.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 214.

215.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 215.

216.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 216.

217.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 217.

218.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 218.

219.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 219.

220.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 220.

221.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 221.

222.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 222.

223.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 223.

224.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 224.

225.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 225.

226.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 226.

227.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 227.

228.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 228.

229.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 229.

230.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 230.

231.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 231.

232.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 232.

233.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 233.

234.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 234.

235.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 235.

**Count Two**

**Denial of Due Process Against JCS**

JCS incorporates by reference the previous answers and denials of the previous paragraphs as if fully stated herein.

236.   Denied.

237.   JCS admits that it contracted with numerous cities and towns throughout Alabama, including Clanton. The remaining allegations in this paragraph are denied.

238.   JCS admits that it contracted with numerous cities and towns throughout Alabama. The remaining allegations in this paragraph are denied.

239.   Denied.

240.   Denied.

241.   JCS admits that paragraph 241 quotes the contract between JCS and Clanton.

242.   Denied.

243.   Denied.

244.   Denied.

245.   Denied.

246.   Denied.

247.   Denied.

248.   Denied.

249.   Denied.

250.   JCS admits that it did not have the responsibility or the authority to make indigency determinations.  The remaining allegations of paragraph 250 are denied.

251.   Denied.

252.   Denied.

253.   Denied.

254.   Denied.

255.   Denied.

256.   Denied.

257.   Denied.

258.   Denied.

259.   Denied.

260.   Denied.

261.   Denied.

262.   Denied.

263.   Denied.

264.   Denied.

265.   Denied.

266.   Denied.

267.   Denied.

268.   Denied.

## Count Three

## Violation of the Fourth Amendment by the City of Clanton

JCS incorporates by reference the previous responses and denials of the previous paragraphs as if fully stated herein.

269.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 269.

270.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 270.

271.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 271.

272.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 272.

273.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 273.

274.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 274.

275.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 275.

276.   Denied.

277.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 277.

278.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 278.

279.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 279.

## Count Four

## Violation of the Fourth Amendment by JCS

JCS incorporates by reference the previous responses and denials of the previous paragraphs as if fully stated herein.

280.   Denied.

281.   Denied.

282.   Denied.

283.   Denied.

284.   Denied.

285.   Denied.

286.   This paragraph is an allegation of law, not fact, and no response by JCS is required.  But to the extent a response is required, JCS denies the allegations of paragraph 286.

287.   Denied.

288.   Denied.

289.   Denied.

290.   Denied.

## Count Five

## Violation of the Sixth Amendment by City of Clanton

JCS incorporates by reference the previous responses and denials of the previous paragraphs as if fully stated herein.

291.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 291.

292.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 292.

293.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 293.

294.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 294.

295.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 295.

296.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 296.

297.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 297.

298.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 298.

299.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 299.

300.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 300.

301.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 301.

302.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 302.

303.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 303.

304.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 304.

305.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 305.

306.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 306.

307.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 307.

## Count Six

## Violation of the Sixth Amendment by JCS

JCS incorporates by reference the previous responses and denials of the previous paragraphs as if fully stated herein.

308.  Denied.

309.  Denied.

310.  Denied.

311.  Denied.

312.  Denied.

313.  JCS admits that it had no responsibility to determine indigency. The remaining allegations of paragraph 313 are denied.

314.  Denied.

315.  Denied.

316.  Denied.

317.  Denied.

318.  Denied.

319.  Denied.

320.  Denied.

321.  Denied.

322.  Denied.

## Count Seven

## Violation of the Eighth Amendment by City of Clanton

JCS incorporates by reference the previous responses and denials of the previous paragraphs as if fully stated herein.

323.   No response is due from JCS to the allegations contained in this paragraph; however to the extent a response is due, JCS denies the allegations of paragraph 323.

324.   No response is due from JCS to the allegations contained in this paragraph; however to the extent a response is due, JCS denies the allegations of paragraph 324.

325.   No response is due from JCS to the allegations contained in this paragraph; however to the extent a response is due, JCS denies the allegations of paragraph 325.

326.   No response is due from JCS to the allegations contained in this paragraph; however to the extent a response is due, JCS denies the allegations of paragraph 326.

327.   No response is due from JCS to the allegations contained in this paragraph; however to the extent a response is due, JCS denies the allegations of paragraph 327.

328.   No response is due from JCS to the allegations contained in this paragraph; however to the extent a response is due, JCS denies the allegations of paragraph 328.

329.   No response is due from JCS to the allegations contained in this paragraph; however to the extent a response is due, JCS denies the allegations of paragraph 329.

330.   No response is due from JCS to the allegations contained in this paragraph; however to the extent a response is due, JCS denies the allegations of paragraph 330.

331.   No response is due from JCS to the allegations contained in this paragraph; however to the extent a response is due, JCS denies the allegations of paragraph 331.

332.   No response is due from JCS to the allegations contained in this paragraph; however to the extent a response is due, JCS denies the allegations of paragraph 332.

333.   No response is due from JCS to the allegations contained in this paragraph; however to the extent a response is due, JCS denies the allegations of paragraph 333.

334.   No response is due from JCS to the allegations contained in this paragraph; however to the extent a response is due, JCS denies the allegations of paragraph 334.

335.   No response is due from JCS to the allegations contained in this paragraph; however to the extent a response is due, JCS denies the allegations of paragraph 335.

336.   No response is due from JCS to the allegations contained in this paragraph; however to the extent a response is due, JCS denies the allegations of paragraph 336.

337.   No response is due from JCS to the allegations contained in this paragraph; however to the extent a response is due, JCS denies the allegations of paragraph 337.

## Count Eight

## Violation of the Eighth Amendment by JCS

JCS incorporates by reference the previous responses and denials of the previous paragraphs as if fully stated herein.

338.   Denied.

339.   Denied.

340.   No response is due from JCS to the allegations in this paragraph; however, to the extent this paragraph implies that JCS violated the Eight Amendment, JCS denies the allegations of this paragraph.

341.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 341.

342.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 342.

343.   Denied.

344.   Denied.

345.   Denied.

346.   Denied.

347.   Denied.

348.   Denied.

349.   Denied.

350.   Denied.

351.   Denied.

352.   Denied.

353.   Denied.

## Count Nine

## Denial of Equal Protection by City of Clanton

JCS incorporates by reference the previous responses and denials of the previous paragraphs as if fully stated herein.

354.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 354.

355.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 355.

356.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 356.

357.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 357.

358.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 358.

359.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 359.

360.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 360.

361.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 361.

362.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 362.

363.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 363.

364.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 364.

**Count Ten**

**Denial of Equal Protection by JCS**

JCS incorporates by reference the previous responses and denials of the previous paragraphs as if fully stated herein.

365.   Denied.

366.   Denied.

367.   Denied.

368.   Denied.

369.   Denied.

370.   Denied.

371.   Denied.

372.   Denied.

373.   Denied.

374.   Denied.

375.   Denied.

376.   Denied.

377.   Denied.

378.   Denied.

**Count Eleven**

**Declaratory and Injunctive Relief**

JCS incorporates by reference the previous responses and denials of the previous paragraphs as if fully stated herein.

379.   Denied.

380.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 380.

381.   Denied.

382.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 382.

383.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 383.

384.   Denied.

385.   Denied.

386.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph no. 386.

387.   Denied.

388.   Denied.

389.   Denied.

390.   JCS admits the contract was not competitively bid but denies it was required to be competitively bid.

391.   Denied.

392.   Denied.

393.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 393.

394.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 394.

395.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 395.

396.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 396.

397. No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 397.

398.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 398.

399.   No response is due from JCS to the allegations in this paragraph; however, to the extent a response is due, JCS denies the allegations of paragraph 399.

JCS denies that Plaintiffs are entitled to any relief requested in the request for relief following paragraph no. 399 or otherwise sought in the Second Amended and Restated Complaint. JCS demands a judgment in its favor on all counts of the Plaintiffs' Second Amended and Restated Complaint, including an award of all costs and reasonable attorneys' fees incurred in connection with this action.

## **General Denial**

JCS denies any factual, legal, or mixed allegations in the Second Amended and Restated Complaint not specifically admitted in this Answer.

## Defenses

### First Defense

Some or all of the counts of the Complaint fail to state a claim upon which relief can be granted.

### Second Defense

Some or all of the claims in the Complaint are barred by the applicable statute of limitations.

### Third Defense

Plaintiffs' claims are moot, are not ripe, or fail for lack of justiciable controversy.

### Fourth Defense

JCS disputes each and every item of damages and relief claimed in the Complaint and demands strict proof thereof.

### Fifth Defense

JCS owed no legal duty to the Plaintiffs or purported class members under common law, statutes, or the Constitutions of the United States and the State of Alabama.

### Sixth Defense

The Complaint fails to state a claim upon which relief can be granted for punitive damages.

### Seventh Defense

To the extent that Plaintiffs plead state-law claims, JCS pleads that the Plaintiffs failed to file a Notice of Claim and Demand as required by Alabama Code §1-47-23 and §11-47-192.

### Eighth Defense

The defenses of release, waiver, ratification, estoppel, judicial estoppel, in pari delicto, payment, collateral estoppel, res judicata, and accord and satisfaction bar Plaintiffs' claims and the class action claims.

### Ninth Defense

The defenses of laches and acquiescence bar Plaintiffs' claims and the class action claims.

### Tenth Defense

The defenses of set-off and recoupment bar Plaintiffs' claims and the class action claims.

### Eleventh Defense

The doctrine of unclean hands bars Plaintiffs' claims and the class action claims.

### Twelfth Defense

Plaintiffs have failed to join indispensable parties, including, but not limited to, the State of Alabama.

### Thirteenth Defense

The Court lacks subject matter jurisdiction.

### Fourteenth Defense

Plaintiffs' claims are barred by the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37 (1971).

### Fifteenth Defense

JCS pleads all available doctrines of immunity, including but not limited to absolute quasi-judicial immunity and qualified immunity.

### Sixteenth Defense

JCS denies that the facts of this case reach the threshold for the imposition of punitive damages. Furthermore, with regard to the claim for punitive damages, JCS pleads the following:

(a) Plaintiffs have failed to present a valid claim for the recovery of punitive damages, and JCS denies any conduct that could warrant the submission of the issue of punitive damages to a jury or the imposition of punitive damages;

(b) Plaintiffs' and the purported class members' claims for punitive damages violate JCS's right to equal process and due process of laws under the 5th and 14th Amendments to the Constitution of the United States;

(c) Any award of punitive damages in this case would be in violation of the constitutional safeguards provided to the defendant under the Constitution of the United States of America and, to the extent based on state law, the Constitution of the State of Alabama.

(d) No punitive damages are warranted or allowable that would exceed comparable maximums established for criminal fines.

(e) Punitive damages cannot be sustained because of the lack of clarity in standards for awarding punitive damages.

(f) Any claim for punitive damages, on its face and/or as applied in this case, is in violation of the 5th Amendment to the Constitution of the United States; of the right to counsel provided by the 6th Amendment to the Constitution of the United States; of the right to trial by jury of the 7th Amendment to the Constitution of the United States; of the proportionality principles contained in the 8th Amendment to the Constitution of the United States; the due process clause of the 14th Amendment to the Constitution of the United States; and (to the extent Plaintiffs seek punitive damages based on state law) Article 1, Sections 1, 2, 6, 11, 13, 15, 27, and 35 of the Constitution of the State of Alabama of 1901, and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately:

(i) There are no standards provided by law for the imposition of punitive damages and, therefore, the Defendants have not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of the award and to modify or conform its conduct accordingly;

(ii) The procedures to be followed would permit an award of punitive damages against the Defendants upon the satisfaction of a burden of persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability;

(iii) The procedures to be followed could permit the award of multiple punitive damages for the same act or omission;

 (iv) There are no provisions or standards for clear and consistent appellate review of any award of punitive damages against the Defendants under present law;

(v) The standards of conduct upon which punitive damages are sought against the Defendants are vague and ambiguous;

(vi) The procedures used by courts and the guidelines given to the jurors, jointly and severally, are vague and ambiguous;

(vii) The procedures used by courts and the guidelines given to the jurors, jointly and severally, are vague and

ambiguous and, therefore, impermissibly allow jurors broad, unlimited, and undefined power to make determinations on their notions of what the law should be instead of what it is;

(viii) The procedures under which punitive damages are awarded and the instructions used, jointly and severally, are vague and ambiguous and, therefore, fail to eliminate the effects of, and to guard against, impermissible juror passion and prejudice;

(ix) Present law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

(x) Present law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages;

(xi) Present law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damages awarded by a jury;

(xii) Present procedures fail to provide a constitutionally reasonable limit on the amount of any punitive damages award against the defendant;

(xiii) Present procedures may permit the admission of evidence relative to punitive damages in the same proceeding during which liability is determined;

(xiv) Present procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts or degrees of wrongdoing or culpability; and

(xv) An award of punitive damages would compensate Plaintiffs or a purported plaintiff class for elements of damage not otherwise recognized under law.

(g) To the extent Plaintiffs seek punitive damages based on state law, Plaintiff's and the purported class members' claims for the recovery of punitive damages are barred by Ala. Code §§ 6-11-20 et seq., and § 11-93-2.

 (h) To the extent Plaintiffs seek punitive damages based on state law, Plaintiffs' and the purported class members' claims for the recovery of punitive damages are barred by Ala. Code § 6-11-27.

(i) Plaintiffs' and the purported class members' claims for the recovery of punitive damages are in contravention of JCS's rights under each of the following constitutional provisions:

(i) Article I, Section 8 of the United States Constitution, as an impermissible burden on interstate commerce;

(ii) The Contracts Clause of Article I, Section 10 of the United States Constitution;

(iii) The Due Process Clause of the 5th and 14th Amendments to the United States Constitution;

(iv) The Equal Protection Clause of the 14th Amendment to the United States Constitution;

(v) The constitutional prohibition against vague and overbroad laws;

(vi) The prohibition against *ex post facto* laws in Article I, Section 22 of the Alabama Constitution;

(vii) To the extent Plaintiffs seek punitive damages based on state law, the Contracts Clause of Article I, Section 22 of the Alabama Constitution; and

(viii) To the extent Plaintiffs seek punitive damages based on state law, the Due Process Clause of Article I, Section 6 and/or 13 of the Alabama Constitution.

(j) An award of punitive damages in this circumstances of this case would clearly be violative of JCS's due process rights as embraced by the 5th and 14th Amendments to the United States Constitution and, to the extent Plaintiffs seek punitive damages based on state law, by the due process clause of Article I, Section 6 and/or 13 of the Alabama Constitution, jointly and separately, as such award would constitute a deprivation of property without due process of law for the following reasons:

(i) There is no rational relationship between the punitive damages awards and the wrongfulness of a defendant's conduct and/or the compensatory damages awarded;

(ii) No rational relationship exists between the extent of punitive damages and legitimate interests to be advanced by the government;

(iii) An award of punitive damages in this case would be penal in nature and, therefore, would be violative of JCS's constitutional rights under the United States Constitution and/or the Alabama Constitution unless JCS is granted the procedural safeguards afforded criminal defendants including, but not limited to, constitutional safeguards against self-incrimination and a heightened standard of proof beyond a reasonable doubt;

(iv) The award of punitive damages on the basis of vicarious liability for the conduct of others violates JCS's constitutional rights.

(k) The imposition of punitive damages in this case would be in denial of JCS's right to equal protection of the laws as guaranteed by the 14th Amendment to the United States Constitution and Article I, Sections 1, 6, and 22 of the Alabama Constitution. Specifically, JCS is treated differently from criminal defendants who are charged for similar or identical culpability. Alternatively, the absence of adequate and objective standards for guiding in the assessment of punitive damages fails to insure the equality of treatment between and among similarly situated civil defendants.

(l) The assessment of punitive damages in this action would violate the Commerce Clause of Article I, Section 8 of the United States Constitution.

(m) To the extent Plaintiffs seek punitive damages based on state law, the imposition of punitive damages in this action would violate JCS's rights under Article I, Section 22 of the Alabama Constitution in that it would impair the contractual obligations of parties to this litigation.

(n) With respect to Plaintiffs' demand for punitive damages, JCS specifically incorporates by reference any and all standards or limitations regarding the determination or enforceability of punitive damages awards which arose in the decision of *BMW of North America v. Gore*, 116 U.S. 1589 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 121 S. Ct. 1678 (2001); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003); and *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

(o) To the extent that Plaintiffs' demand for punitive damages may result in multiple punitive damages awards being assessed for the same act or omission against JCS, this award contravenes JCS's right to due process. In addition, such awards would infringe upon JCS's rights against double jeopardy insured by the 5th Amendment of the United States Constitution and/or Article I, Section 9 of the Alabama Constitution.

(p) The procedures pursuant to which punitive damages are awarded subject civil defendants to punishment for the conduct of others through vicarious liability or through non-apportionment of damages among joint tortfeasors, in violation of the 5th and 14th Amendments to the United States Constitution and Article I, Sections 1 and 6 of the Alabama Constitution.

(q) The procedures pursuant to which punitive damages are awarded expose civil defendants to the risk of undefinable, unlimited liability unrelated to actual loss, if any, caused by their conduct, creating a chilling effect on the defendant's exercise of the right to a judicial resolution of this dispute.

(r) To the extent Plaintiffs seek punitive damages based on state law, Plaintiffs' and the purported class members' claims for punitive damages is limited by the cap imposed by Ala. Code § 6-11-21. Allowing an award in excess of this legislative cap would directly contravene the express public policy of the State of Alabama.

## Seventeenth Defense

Plaintiffs' and the purported class members' claims are barred in whole or in part because they have failed to mitigate their alleged damages.

## Eighteenth Defense

Each and every action taken by JCS, separately and severely, was taken in the good faith belief that the same was legal and lawful at the time so taken.

## Nineteenth Defense

Plaintiffs and the purported class members have failed to exhaust their state court and administrative remedies.

## Twentieth Defense

JCS denies that they violated Plaintiffs' or the purported class members' rights under the Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

## Twenty-First Defense

JCS denies that they breached any duty owed to Plaintiffs or the purported class members.

## Twenty-Second Defense

JCS's actions or inactions are not the proximate cause of Plaintiffs' or the purported class members' alleged damages.

## Twenty-Third Defense

Plaintiffs and the purported class members have no clear right to the relief sought in the Complaint.

## Twenty-Fourth Defense

Plaintiffs and the purported class members have failed to show the likelihood of irreparable harm.

## Twenty-Fifth Defense

The issuance of an injunction would not serve the public interest.

## Twenty-Sixth Defense

Plaintiffs and the purported class members have failed to do equity.

### Twenty-Seventh Defense

Plaintiffs have failed to meet conditions precedent to bring this lawsuit.

### Twenty-Eighth Defense

There is no affirmative link or causal connection between any of JCS's alleged policies, customs, or practices and Plaintiffs' and the purported class members' alleged injuries or damages.

### Twenty-Ninth Defense

This action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### Thirtieth Defense

Plaintiffs and the purported class cannot satisfy the prerequisites for class certification and therefore cannot represent the interest of others.

### Thirty-First Defense

Plaintiffs lack standing to assert some or all of their claims or Plaintiffs are not the real parties in interest.

### Thirty-Second Defense

This lawsuit cannot be maintained as a class action because individual questions of law and fact predominate, including, but not limited to, each person's alleged damages are different and subject to different defenses and mitigating circumstances.

### Thirty-Third Defense

JCS denies that the claims of the members of the proposed class are so numerous as to make it impracticable to bring them all before the Court in one lawsuit.

### Thirty-Forth Defense

Plaintiffs are not similarly situated to the other potential members of the alleged putative class they purport to represent and thus, are inadequate representatives of the alleged putative class. Furthermore, Plaintiffs' counsel will not adequately represent the alleged putative class.

### Thirty-Fifth Defense

Certain interests of the alleged putative class are in conflict with and antagonistic to the interests of all or certain subgroups of the members of the putative class.

### Thirty-Sixth Defense

JCS denies that a class action is superior to all available methods for a fair and efficient adjudication of this controversy.

### Thirty-Seventh Defense

This lawsuit is not manageable as a class action.

## Thirty-Eighth Defense

JCS denies that there are common questions of law and fact affecting members of the purported class.

## Thirty-Ninth Defense

Certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of JCS's due process rights, both substantive and procedural, in violation of the Fourteenth Amendment of the United States Constitution and the Alabama Constitution of 1901.

## Fortieth Defense

*Heck v. Humphrey*, 512 U.S. 477 (1984), bars Plaintiffs' claims.

## Forty-First Defense

JCS pleads all available affirmative defenses contained in 42 U.S.C. § 1997(e) and the limitation on attorneys' fees contained in that section.

## Forty-Second Defense

The voluntary payment doctrine bars Plaintiffs' claims and the class action claims.

## Forty-Third Defense

Plaintiffs and the purported class members' cannot prove the elements of any of their claims.

## Forty-Fourth Defense

Plaintiffs' and the purported class members' claims are barred in whole or in part by consent.

## Forty-Fifth Defense

Plaintiffs and the purported class members either pleaded or were found guilty of all offenses leading to their probation; therefore, any of Plaintiffs' and the purported class members' claims originating from facts or circumstances related to their probation lack merit and are barred.

## Forty-Sixth Defense

Plaintiffs' and the purported class members' injuries, if any, were caused solely by acts or omissions of persons or entities other than JCS, who are not and were not employees or agents of JCS, for whose acts or omissions JCS are not responsible and which did not occur in connection with direct or indirect contractual relationship with JCS. At all times, JCS exercised due care and took precaution against foreseeable acts and omissions of third parties.

## Forty-Seventh Defense

JCS denies that the claims of the individual Plaintiffs are typical of the claims of the proposed class and that the defenses to the action are also on grounds generally applicable to the proposed class.

## Forty-Eighth Defense

Plaintiffs willfully failed to comply with the terms of probation, even when able to do so.

## Forty-Ninth Defense

The Complaint makes vague, conclusory, and extraneous allegations, which are barred under *Ashcroft v. Iqbal*, 556 U.S. 678 (2009).

## Fiftieth Defense

Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine.

## Fifty-First Defense

Plaintiffs' claims for injunctive relief in ongoing matters are barred by the exclusive federal remedy of habeas corpus.

## Fifty-Second Defense

Plaintiffs' claims for prospective injunctive relief would constitute an intrusive, unworkable, and ongoing interference by this Court with state court criminal proceedings and would violate principles of comity and federalism.

## Fifty-Third Defense

The contract between JCS and Clanton is valid under Alabama law.

## Fifty-Fourth Defense

Plaintiffs' and the purported class members' claims are barred by the rule against double recovery.

## Fifty-Fifth Defense

JCS adopts and incorporates by reference, as if fully set forth herein, all defenses (including affirmative defenses) asserted by the City of Clanton, Alabama, to the extent that those defenses are not inconsistent with the answers, denials, and defenses asserted by JCS.

## Fifty-Sixth Defense

JCS reserves the right to amend this Answer as discovery proceeds in this case.

## <u>Request for Relief</u>

JCS requests relief as follows:

1.  That the Complaint be dismissed in its entirety with prejudice;

2.  That judgment be entered in favor of JCS;

3.  That JCS be awarded attorneys' fees and costs for defending this case; and

4.  That JCS be awarded any other, different relief to which it is entitled.

Respectfully submitted on May 9, 2017.

*s/ Michael L. Jackson*
Larry S. Logsdon
Michael L. Jackson
Wesley K. Winborn
llogsdon@wallacejordan.com
mjackson@wallacejordan.com
wwinborn@wallacejordan.com

Of Counsel:
Wallace, Jordan, Ratliff & Brandt, L.L.C.
P.O. Box 530910
Birmingham, Alabama 35253
(205) 870-0555

Wilson F. Green
wgreen@fleenorgreen.com

Of Counsel:
Fleenor & Green LLP
1657 McFarland Blvd. N., Ste. G2A
Tuscaloosa, Alabama 35406
(205) 722-1018

Attorneys for Defendants Judicial
Corrections Services

**Certificate of Service**

I certify that on May 9, 2017, I served a copy of the foregoing Answer on all counsel by the Court's CM/ECF electronic-filing system, as follows:

William M. Dawson Jr., Esq.
Attorney at Law
1736 Oxmoor Road
Birmingham, AL  35209
bill@billdawsonlaw.com

J. Mitchell McGuire, Esq.
McGuire & Associates LLC
31 Clayton Street
Montgomery, AL  36104
jmcguire@mandabusinesslaw.com

F. Lane Finch Jr., Esq.
Brian C. Richardson, Esq.
Swift, Currie, McGhee & Hiers, LLP
2 North 20th Street, Suite 1405
Birmingham, AL  35203
lane.finch@swiftcurrie.com
brian.richardson@swiftcurrie.com

James W. Porter II, Esq.
Richard Warren Kinney, Esq.
Porter, Porter & Hassinger PC
P.O. Box 128
Birmingham, AL 35201-0128
jwporterii@pphlaw.net
wkinney@pphlaw.net

G. Daniel Evans, Esq.
Alexandria Parrish, Esq.
Maurine C. Evans, Esq.
The Evans Law Firm
1736 Oxmoor Road; Suite 101
Birmingham, AL  35209
gdevans@evanslawpc.com
ap@evanslawpc.com
mevans@evanslawpc.com

Gregory C. Cook, Esq.
L. Conrad Anderson IV, Esq.
Will Hill Tankersley, Esq.
Ginny Willcox Leavens, Esq.
Chase T Espy, Esq.
Christopher K. Friedman, Esq.
Balch & Bingham LLP
P.O. Box 306
Birmingham, AL  35201
gcook@balch.com
canderson@balch.com
wtankers@balch.com
gwillcox@balch.com
cespy@balch.com
cfriedman@balch.com

Matthew Swerdlin, Esq.
Attorney at Law
1736 Oxmoor Road, Suite 101
Homewood, AL  35209
matt@attorneyswerdlin.com

  s/ *Michael L. Jackson*
Michael L. Jackson
mjackson@wallacejordan.com