## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **CANDICE CHAPMAN, et al.** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| | ) | **2:15-CV-125-RCL-WC** |
| **THE CITY OF CLANTON, et al.,** | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## [PROPOSED] PROTECTIVE ORDER

The parties hereto having consented through their respective counsel for the entry of this Consent Protective Order in order to protect the confidentiality of certain information and to facilitate discovery, it is further ORDERED that:

1.    This protective order shall govern all documents and testimony pertaining to such confidential documents produced by the parties that are designated as confidential in Paragraph 2 of this protective order.  Furthermore, this protective order shall govern all information derived from such documents and testimony, as well as copies, excerpts, or summaries thereof.

2.    The purpose of this protective order is to protect against the unnecessary disclosure of confidential information.  Information and documents protected by this Consent protective order shall include:

a.    All information and documents that refer to, reflect upon, or relate to:

1531277.4

(i) any current or former probationer supervised by Judicial Services, LLC ("JCS"), Correct Care Solutions, LLC ("CCS"), CHC Companies, Inc. ("CHCC"), the City of Clanton ("Clanton"), or any current or former employee of JCS, CCS CHCC, or Clanton, including, but not limited to, documents contained in such probationers' JCS and/or Court files or employees' files and/or information pertaining to a JCS probationers' JCS and/or Court files disclosed in deposition testimony, with the exception of such information which is a matter of public record;

b.    Any information or documents that refer to, reflect upon, or relate to any person who is currently or was previously a defendant in the City of Clanton Municipal Court ("Court"), including, but not limited to, documents contained in such defendants' Court files and/or information pertaining to defendants' Court files disclosed in deposition testimony, with the exception of such information which is a matter of public record.

c.    Any medical or financial information relating to the Plaintiffs, any current or former probation supervised by JCS, CCS, CHCC or Clanton, any current or former defendants of the Court, or any current or former employee of JCS, CCS, CHCC, or Clanton, not generally

1531277.4

available to the public;

    d.    Any other documents or testimony which a party in good faith designates as "confidential".

The information and documents protected by this protective order shall be referred to as "confidential materials". The restrictions regarding disclosure of confidential materials apply with equal force to the documents and any excerpts, analyses, or summaries of such items of the information contained therein to the extent that those secondary documents themselves contained information designated in good faith as confidential, as well as to any pleadings, memoranda, briefs, exhibits, transcripts, or other documents that may be prepared in connection with this litigation which contained or refer to the confidential information contained therein, regardless of markings.

    3.    "Disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise provide or communicate to any person or entity the confidential materials, whether pursuant to request, interrogatory, process, or otherwise, and whether in accordance with the Federal Rules of Civil Procedure or otherwise.

    4.    Such confidential materials shall be used solely for the purpose of this action, shall not be used for any other business, competitive or other purposes, and shall not be disclosed to any other person or third party other than:

1531277.4

a.  Counsel for the parties in the above-styled action, including employees of such counsel to the extent necessary to render professional services in the above- entitled action;

b.  The parties in the above-styled action;

c.  The Court and persons employed by the Court working on this litigation;

d.  Court reporters at the proceedings in this action;

e.  Experts or consultants retained or consulted by the parties in connection with this litigation, but only as set out in Paragraph 5 below; and

f.  Deponents, trial witnesses, potential witnesses, prospective jurors and jurors in connection with this litigation, but only as set out in Paragraph 5 below.

5.  Prior to making the disclosure of any confidential materials pursuant to subsections (e) and (f) of Paragraph 4, counsel making such disclosure shall inform any person to whom disclosure is being made that the information or documents to be disclosed, or any portions thereof, may be used only for the purposes set forth in this consent protective order.

6.  In the event that any confidential information as described in Paragraph 2 above is referred to or used in the deposition of any person initiated by

4

1531277.4

any party, the parties' counsel shall have the option, during the deposition or within 14 days after the deposition, to require the reporter to prepare that portion of the transcript and any confidential documents that are exhibits under seal.  Such transcripts, exhibits, and the information contained therein shall remain protected under this consent protective order regardless of whether the parties' counsel exercises the option provided by this subparagraph.  Moreover, the parties may, at the deposition or within 14 days after receiving a copy of the deposition transcripts, designate deposition testimony or portions thereof as "confidential."

7.     This protective order does not limit the right of any party to object to the scope of discovery or to any particular discovery request in this litigation.

8.     To the extent deemed to be relevant and responsive (and otherwise discoverable under Fed. R. Civ. P 26), the juvenile records and incidental juvenile records ARE DISCOVERABLE under the following terms and conditions to protect these records:

a.     The parties' attorneys of record SHALL be entitled to review and copy the documents.  The attorneys SHALL maintain all of the records at their respective offices.  The term "juvenile records" shall be construed broadly and shall include any records of any person who is currently or was previously a defendant in the City of Clanton Municipal Court and which records indicate such person was a

1531277.4

juvenile at the relevant time.

b.    Although the producing party may produce the juvenile and incidental

juvenile records in unredacted format and/or without a "confidential"

designation, in the event that any of the juvenile records or incidental

juvenile records are used at trial or used in conjunction with any filing

or other public disclosure in this case, they SHALL be maintained

under seal by the Clerk of Court for the U.S. District Court for the

Middle District of Alabama.

c.    The juvenile and incidental juvenile records in the possession of any

of the attorneys SHALL be destroyed at the conclusion of the action,

and no copies are to be given to anyone.

d.    Juvenile and incidental juvenile records SHALL NOT be e-filed, but

instead SHALL be filed under seal with the Clerk's office to preserve

the juvenile and incidental juvenile records from being released to the

public.

e.    To the extent any of the parties learn of any of the materials contained

in the juvenile or incidental juvenile records, they are hereby

ORDERED that the information is confidential and not to be

discussed with anyone not directly a party to this action or their

attorney of record.

1531277.4

9.     Upon request by the producing party, within 90 days of the conclusion of this matter as to all parties, confidential materials produced by the producing party, as well as all copies excerpts thereof, shall be returned to the producing party at the cost of the requesting party.   In the event counsel possesses attorney work-product containing or referring to confidential materials, such attorney work-product shall remain subject to the restrictions set forth in Paragraph 4 above or in the alternative may be destroyed.   The term "confidential material" includes probationers' or employees' medical conditions or treatment, hospitalizations, or drug or alcohol rehabilitation.

10.     Nothing in this protective order shall prevent a party from any use of its own confidential materials.   Moreover, nothing in this protective order shall limit the right of the parties to use confidential materials for purposes of this litigation, including in any pleadings, memoranda, briefs, exhibits, or other documents which may be prepared in connection with this litigation.

11.     The confidential materials described in paragraph 2.a. or 2.b. may be filed with the Court or referred to in papers filed with the Court and do not have to be filed under seal. However, the parties agree that the filing party shall be responsible for redactions prior to filing, including but not limited to redactions in accordance with the redaction requirements set forth in (1) Section I of the Middle District of Alabama Administrative Procedures Manual and the redaction

1531277.4

requirements for arrest reports set forth in Ala. Att'y Gen. Op. No. 2015-057 (July 30, 2015), and (3) Ala. Att'y Gen. Op. No. 2012-045 (March 13, 2012) . Confidential information described in paragraph 2.c. may be filed with the Court or referred to in papers filed with the Court if the information is in any municipal court documents or any JCS documents or database (subject to the redaction and exemption requirements set forth above), but if the information described in paragraph 2.c. is from some other source (for example, a probationer's income tax returns or employment records), then the paper must be filed under seal unless otherwise provided by the Court or agreed to by the parties in writing. In the event any other confidential materials are included in any paper filed with the Court, or any of the confidential materials described in paragraph 2.a. or 2.b. are exempted from disclosure by Alabama's Open Records Act, such paper shall be filed under seal, except as otherwise provided by the Court, or as otherwise agreed to by the parties in writing.

12.     The inadvertent or unintentional disclosure of any confidential materials or restricted materials shall not be construed to be a waiver, in whole or part, of any party's claim of confidentiality, either as to the specific confidential material disclosed or as to other related information.

13.     Further, nothing in this protective order shall be construed as a waiver to object to the production of any materials on any grounds, including but not

1531277.4

limited to, attorney work product and/or attorney-client privilege.   The parties reserve the right to assert any and all privileges available under the Rules of Civil Procedure.

14.   **Clawback:**  The parties have agreed to the following per Fed.R.Evid. 502 (and otherwise)  and this Court ORDERS as follows: If in connection with this case, a producing party discloses information or produces documents that are either (1) restricted documents or (2) that are privileged or protected by the attorney-client privilege or attorney work product protection or any other applicable privilege or protection ("disclosed protected information"), the receiving party must immediately return or destroy all copies of any disclosed protected information (electronic or otherwise) if notified by the producing party that such information or documents have been produced (and will provide certification of counsel that all of the disclosed protected information has been returned or destroyed). If the party receiving party becomes aware of the disclosed protected information on its own accord, it will take the same actions and notify the producing party of the same.   Further, the production of such disclosed protected information shall not result in a waiver of any privilege or protection and shall not result in a subject matter waiver of any kind.  This provision has no effect on the rights of any party to request information or documents in discovery or the rights of any party to dispute the designation of information or documents as privileged

1531277.4

or protected after the return of any alleged protected information or documents.

15.     Any party may apply to the Court for relief from this protective order. No party shall disclose any disclosed protected information, juvenile or incidental juvenile information, or information designated as "confidential" by an opposing party without the written consent of the opposing parties or the express permission of the Court.

16.     Before seeking relief from the Court due to an alleged violation of this protective order, the party seeking relief will attempt to resolve the matter by agreement with the other party.

17.     The terms of this Consent protective order are subject to modification, extension, or limitation as may be hereinafter agreed to by all parties, or by order of the Court.

**DONE AND ORDERED THIS** July 5th, **2019**

Royce C. Lamberth
UNITED STATES DISTRICT JUDGE

1531277.4